# ROBINSON, WETTRE & MILLER LLC
ATTORNEYS AT LAW
ONE NEWARK CENTER, 19TH FLOOR
NEWARK, NEW JERSEY 07102

(973) 690-5400
FAX (973) 466-2760
www.rwmlegal.com

August 29, 2014

<u>BY CM/ECF</u>
Honorable Esther Salas, U.S.D.J.
United States District Court
M. L. King Jr., Bldg & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   *WAG Acquisition, LLC v. Multi Media, LLC et al.*
              Civil Action No. 14-cv-02340 (ES) (JAD)

              *WAG Acquisition, L.L.C. v. Data Conversions, Inc. et al.*
              No. 14-cv-2345 (ES) (JAD)

              *WAG Acquisition, L.L.C. v. Gattyán Group S.à r.l. et al.*
              No. 14-cv-2832 (ES) (JAD)

              *WAG Acquisition, L.L.C. v. MFCXY, Inc. et al.*
              No. 14-cv-3196 (ES) (JAD)

              *WAG Acquisition, L.L.C. v. FriendFinder Networks Inc. et al.*
            <u>No. 14-cv-3456 (ES) (JAD)</u>

Dear Judge Salas:

      This joint letter is respectfully submitted on behalf of all named and served defendants in the above-captioned matters. As Your Honor is aware, plaintiff WAG Acquisition, LLC recently filed numerous lawsuits in this District alleging infringement of the same four patents, specifically U.S. Patent No. 8,122,141, U.S. Patent No. 8,327,011, U.S. Patent No. 8,185,611, and U.S. Patent No. 8,364,839 (collectively the "Disputed Patents"). All of the WAG lawsuits involving the Disputed Patents have been assigned to Your Honor. On or about August 15, 2014, Your Honor issued Orders in the above captioned actions scheduling Rule 16 Conferences before Your Honor on October 1, 2014 (hereafter, "Orders"). For the reasons set forth below, defendants respectfully request that the Rule 16 Conferences be adjourned to on or about November 19, 2014 in the name

ROBINSON, WETTRE & MILLER LLC

Hon. Esther Salas, U.S.D.J.
August 29, 2014
Page 2

of judicial efficiency, due to the pending motions to dismiss that have been filed by defendants in the WAG lawsuits.

Currently pending before Your Honor are numerous motions to dismiss plaintiff's Amended Complaint in the WAG lawsuits:

In *WAG Acquisition, L.L.C. v. Multi Media, LLC, et al.*, 2:14-cv-2340 (ES) (JAD), defendant Multi Media, LLC has moved to dismiss the Complaint in its entirety because its claims of direct, induced and willful infringement are improperly pled and should be dismissed as a matter of law. The return date for this motion was August 4, 2014.

In *WAG Acquisition, L.L.C. v. Data Conversions, Inc. et al.*, 2:14-cv-14-2345 (ES) (JAD), defendants WMM, LLC and WMM Holdings, LLC have moved to dismiss the Complaint in its entirety because its claims of direct, induced and willful infringement are improperly pled and should be dismissed as a matter of law. The return date for this motion was August 4, 2014.

In *WAG Acquisition, L.L.C. v. Gattyán Group S.à r.l. et al.*, 2:14-cv-2832 (ES) (JAD), defendant Gattyán Group has moved to dismiss the Complaint for lack of personal jurisdiction. Additionally, all defendants moved to dismiss WAG's claims of indirect and willful infringement for failing to state a claim upon which relief can be granted. The return date for this motion is September 15, 2014.

In *WAG Acquisition, L.L.C. v. FriendFinder Networks Inc.*, 2:14-cv-3456 (ES) (JAD), defendants FriendFinder Networks Inc. and Streamray Networks Inc. have moved to dismiss the Complaint in its entirety because its claims of direct, induced and willful infringement are improperly pled and should be dismissed as a matter of law. The return date for this motion is September 15, 2014.

In *WAG Acquisition, L.L.C. v. Vubeology, Inc. et al.*, 2:14-cv-4531 (ES) (JAD), defendant Vubeology has moved to dismiss numerous Counts in the Complaint because claims of direct, induced and willful infringement are improperly pleaded and should be dismissed as a matter of law. The return date for this motion is October 6, 2014.

In *WAG Acquisition, L.L.C. v. Flying Crocodile et al.*, 2:14-cv-2674 (ES) (JAD), on July 17, 2014, Defendants moved to dismiss the Complaint in its entirety because its claims of direct, induced and willful infringement were improperly pleaded. In response, on August 4, 2014, plaintiff filed a First Amended Complaint. The deadline for Defendants to answer or otherwise respond to the First Amended Complaint is September 4, 2014. Defendants anticipate that, on September 4, 2014, they will file a motion to dismiss many of the claims alleged in the First Amended Complaint.

ROBINSON, WETTRE & MILLER LLC

Hon. Esther Salas, U.S.D.J.
August 29, 2014
Page 3

In *WAG Acquisition, L.L.C. v. MFCXY, Inc.*, 2:14-cv-3196 (ES)(MAH), Defendants MFCXY, Inc., LRAM Company B.V. and Leonid Radvinsky moved to dismiss the Complaint for lack of personal jurisdiction, improper venue as to defendant Mr. Radvinsky and for failure to state a claim upon which relief can be granted. In response to the Defendants' motion, the Plaintiff amended its complaint on August 21, 2014, adding additional patents and additional parties. The date by which the original Defendants must answer or otherwise move is September 4, 2014. Defendants anticipate they will timely file another motion to dismiss in response to the amended complaint, seeking dismissal of all or a significant portion of Plaintiff's claims.

Another related case involves the same patents, but no scheduling order has been entered yet. In *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd, et al.*, 2:14-cv-01661 (ES) (JAD), only one of the three foreign defendants (Coolvision Ltd.) has been served and no defendant has responded to any original or amended complaint. WAG currently seeks leave to file a Second Amended Complaint, which motion is pending. Coolvision may move to dismiss that amended complaint once entered based on lack of personal jurisdiction and failing to state a claim against Coolvision. WAG only just now filed a motion for letter rogatory to serve foreign defendant I.M.L. SLU. The remaining foreign defendant, Sobonito, has not been served.

In light of the foregoing pending motions, it is likely that at least some of the claims asserted in the WAG lawsuits will no longer be viable in the near future, and it is also likely that at least some of the defendants will be dismissed from the WAG lawsuits in the near future. Therefore, defendants do not believe that it is in the interest of judicial efficiency to begin the costly and complicated discovery and claim construction procedures set forth in the Orders and mandated by the Local Patent Rules while the above motions are pending. For instance, Local Patent Rules 3.1 and 3.2 require plaintiff to serve its Disclosure of Asserted Claims and Infringement Contentions for each defendant, and the documents supporting its Contentions, not later than 14 days after the Rule 16 Conference. Local Patent Rule 3.2A requires each defendant to serve Non-Infringement Contentions and Responses within 45 days of service of the Infringement Contentions, and Local Patent Rule 3.3 requires each defendant to serve its Invalidity Contentions at the same time. Each defendant also is required to produce its supporting documents at this time pursuant to Local Patent Rule 3.4. Without knowing which claims and parties will remain in the WAG lawsuits, it will be extremely difficult for the parties to meet their obligations under the Orders and Local Patent Rules. It also may lead to a substantial waste of resources for all parties.

Accordingly, defendants respectfully request that the Rule 16 Conferences be adjourned from October 1, 2014 until on or around November 19, 2014. This brief adjournment will not prejudice plaintiff, and should allow the Court and all parties to obtain a more realistic view of the claims and parties that will be moving forward in the WAG lawsuits. Defendants also respectfully request that the parties' obligations to conduct Rule 26(f) conferences and make their Initial Disclosures likewise be adjourned. We have conferred with plaintiff's counsel about the proposed

ROBINSON, WETTRE & MILLER LLC

Hon. Esther Salas, U.S.D.J.
August 29, 2014
Page 4

adjournment. They are considering the issue and intend to respond to the Court with their own letter setting forth their position.

    We thank Your Honor for her kind consideration.

                                        Respectfully,

                                        */s/ Leda Dunn Wettre*
                                        Leda Dunn Wettre

cc: All counsel of record (via CM/ECF)