**Lewis | Baach pllc**
**Kaufmann Middlemiss**
THE NEW YORK OFFICE OF LEWIS BAACH PLLC

November 17, 2015

Hon. Michael A. Hammer
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

    Re:  WAG Acquisition, L.L.C. v.
        (1) Sobonito Investments, Ltd., No. 14-cv-1661
        (2) Multi Media, LLC, No. 14-cv-2340
        (3) Data Conversions, Inc., No. 14-cv-2345
        (4) Flying Crocodile, Inc., No. 14-cv-2674
        (5) Gattyán Group S.à r.l., No. 14-cv-2832
        (6) FriendFinder Network, Inc., No. 14-cv-3456
        (7) Vubeology, Inc., No. 14-cv-4531
        (8) Webpower, Inc., No. 15-cv-3581

Dear Judge Hammer:

    We write on behalf of Plaintiff WAG Acquisition, L.L.C. ("WAG"), in one responding letter, to address the four recent letters from various Defendants requesting an adjournment of the Scheduling Conference set for December 7, 2015. In short, Defendants present divergent requests seeking various lengths of delay. WAG's position, as discussed below, is that the eight WAG cases before the Court should move forward with no more than a one-week adjournment to accommodate prior commitments of Defendants' counsel.

    In cases (4), (5), and (7) identified above, two groups of Defendants make separate requests for a one-week adjournment due to conflicting commitments of counsel. [No. 14-cv-2674, Dkt. 52; No. 14-cv-4531, Dkt. 37; No. 14-cv-2832, Dkt. 64.] WAG is agreeable to this brief adjournment, provided it applies to all of the eight cases listed above – so that we can have one conference, as opposed to being splintered at the outset into two or more different tracks.

    A third request, by the Defendants in cases (2), (3), (6), and (8) identified above, was made in the alternative. [No. 14-cv-2340, Dkt. 68; No. 14-cv-2345, Dkt. 62; No. 14-cv-3456, Dkt. 62; No. 15-cv-3581, Dkt. 28.] The primary request in these



cases is for an adjournment of the conference to January, on the basis that the Defendants in those cases plan to move for reconsideration of petitions for *inter partes* review ("IPR") of two patents (the '011 and '141 patents), which petitions were turned down last month by the Patent Trial and Appeal Board (the "PTAB"). WAG opposes this request for a number of reasons, including without limitation because:

- The Defendants' request does not meet the mandatory "good cause" requirement of Fed. R. Civ. P. 16(b)(4), which states that a scheduling order "may be modified only for good cause and with the judge's consent";[1]
- PTAB reconsideration motions must demonstrate that the PTAB "misapprehended or overlooked" an issue, 37 C.F.R. § 42.71, and given this high standard, reconsideration motions are rarely granted by the PTAB (success rate reported as 3.5%)[2];
- Litigation under two additional patents that are *not* involved in the IPRs for which reconsideration will be sought, will go forward in any event (the '611 and '839 patents). Thus, there is every reason to get started, rather than delay.[3]

The "alternative" proposal put forth by this group was simply to join the one-week adjournment sought by the first group; as noted above, WAG is agreeable to such a one-week adjournment.

      A fourth request, in case (1) identified above [*WAG v. Sobonito et al.*, No. 14-cv-1661, Dkt. 76], seeks an *open-ended* adjournment on the basis that jurisdictional discovery is ongoing as to one defendant in the case (Coolvision Ltd.) and a second defendant (I.M.L. SLU), which was served after Coolvision, intends to challenge personal jurisdiction as well. WAG opposes any such adjournment. Indeed, as

---

[1] "[S]cheduling orders are at the heart of case management.  If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).

[2] *See* Gavin *et al.*, *Requesting a Motion for Reconsideration/Rehearing at the PTAB? What You Need to Know*, http://www.martindale.com/intellectual-property-law/article_Jones-Day_2185570.htm.

[3] As noted in WAG's November 12, 2015 letter to Judge Salas (*e.g.*, No. 14-cv-1661, Dkt. 72), Plaintiff does not intend to assert in the present cases any of the claims of the '839 patent that the PTAB held for review. This, however, leaves substantial claims from the '839 patent (as well as all claims of the '611 patent) untouched for purposes of the present litigation.



discussed in the conference with Judge Dickson on October 6, if I.M.L. responds to the complaint (as it states it will) by challenging personal jurisdiction, WAG submits that I.M.L. should be added to the jurisdictional discovery with Coolvision. Clearly, insofar as the *Sobonito* defendants are related companies, it makes no sense to go through the jurisdictional discovery process twice.

In any event, WAG's position is that the scheduling conference should go forward as to all eight of the above-identified cases, including the *WAG v. Sobonito* case, in order to establish the scheduling in these cases in a coordinated and expeditious manner.

Proceeding with scheduling will not cause prejudice to the defendants in the *WAG v. Sobonito* action or in any of the other actions. There is no prohibition against allowing jurisdictional discovery to proceed simultaneously with other discovery. *See St. Clair Intellectual Prop. Consultants v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 U.S. Dist. LEXIS 37512, at *14 (D. Del. May 4, 2009). The *Sobonito* defendants must at a minimum go through the process of assessing their physical and electronic documents in order to comply with jurisdictional discovery. Merely scheduling general discovery does not impose a materially heavier burden on these defendants. They can be accommodated down the line with regard to actual production, if necessary.

Keeping the scheduling process on track as to all cases will also serve to motivate the *Sobonito* defendants to complete jurisdictional discovery expeditiously in order to present their jurisdictional defenses (if any) before they are subjected to broader discovery.

In sum, WAG is agreeable to a limited one-week adjournment of the Scheduling Conference set for December 7, 2015, but opposed to any longer or open-ended adjournments.

Respectfully,

Ronald Abramson

cc: All counsel of record (via ECF)