# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Multi Media, L.L.C., *et al.*,<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Data Conversions, Inc., *et al.*<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Flying Crocodile, Inc., *et al.*,<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Gattyán Group S.à r.l., *et al.*,<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-02832 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>FriendFinder Networks Inc., *et al.*,<br><br>        Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>Vubeology, Inc. *et al.*,<br><br>        Defendants. | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>WEBPOWER, Inc. d/b/a WP Associates *et al.*,<br><br>        Defendants. | Civil Action No. 2:15-cv-3581 (ES)(MAH) |

## (PROPOSED) DISCOVERY PLAN

**THIS MATTER** having come before the Court on January 22, 2016 for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, and the parties having presented a Joint Discovery Plan; and for good cause shown:

IT IS, on this ___ day of **January, 2016 ORDERED THAT:**

1. **Discovery Schedule.** The discovery schedule in this matter shall be as follows:

| Item Number | Event | Proposed Date | Reference |
|---|---|---|---|
| 1 | Rule 16 Scheduling Conference | 1/22/2016 | Fed. R. Civ. P. 16 |
| 2 | Submit Revised Discovery Plan (Schedule) | 1/29/2016 | |
| 3 | Submission of Proposed E-Discovery and Confidentiality Order | 2/5/2016 | L. Pat. R. 2.2 |
| 4 | First Date to Serve Written Discovery Demands | 2/10/2016 | |
| 5 | Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production | 3/22/2016 | L. Pat. R. 3.1-3.2 |
| 6 | Service of Non-Infringement Contentions and Accompanying Document Production | 6/9/2016 | L. Pat. R. 3.2A |
| 7 | Service of Invalidity Contentions and Accompanying Document Production | 6/9/2016 | L. Pat. R. 3.3-3.4 |
| 8 | Service of Responses to Invalidity Contentions and Accompanying Document Production | 6/23/2016 | L. Pat. R. 3.4A |
| 9 | Exchange of Proposed Terms for Construction | 7/6/2016 | L. Pat. R. 4.1(a) |
| 10 | Exchange of Preliminary Claim Constructions | 7/27/2016 | L. Pat. R. 4.2(a)-(b) |
| 11 | Service of Identification of Intrinsic and Extrinsic Evidence for Claim Construction | 8/11/2016 | L. Pat. R. 4.2(c) |
| 12 | File Joint Claim Construction and Prehearing Statement | 8/29/2016 | L. Pat. R. 4.3(a)-(f) |
| 13 | Completion of Claim Construction Discovery other than Experts; Tutorials due | 9/29/2016 | L. Pat. R. 4.4 |
| 14 | File Opening Markman Submissions | 10/12/2016 | L. Pat. R. 4.5(a) |

| Item Number | Event | Proposed Date | Reference |
|---|---|---|---|
| 15 | Conclude Markman Expert Discovery | 10/31/2016 | L. Pat. R. 4.5(b) |
| 16 | Deadline to amend pleadings to add additional parties | 12/5/2016 | |
| 17 | File Responding Markman Submissions | 12/14/2016 | L. Pat. R. 4.5(c) |
| 18 | File a Proposed Schedule for Claim Construction Hearing | 12/28/2016 | L. Pat. R. 4.6 |
| 19 | Defendants to renew their § 101 Challenge via motion under Fed. R. Civ. P. 12(c) or 56. Briefing schedule to be determined by the Court. | Within 45 days of Markman Order | |
| 20 | Close of Fact Discovery | 5/22/2017 | |
| 21 | Disclose FRCP information relating to experts | 10 days after Markman Order | |
| 22 | Opening expert reports by party bearing burden | 45 days after Markman Order | |
| 23 | Responding expert reports | 75 days after Markman Order | |
| 24 | Close of expert discovery | 100 days after Markman Order | |
| 25 | Deadline to file dispositive motions (including motions for summary judgment, motions to strike experts, and *Daubert* motions) | 125 days after Markman Order | |
| 26 | Serve Advice of Counsel Defense Disclosures and Accompanying Document Production | 30 days after Markman Order | L. Pat. R. 3.8(a)-(c) |
| 27 | Parties to meet and confer re joint final pretrial order | 30 days after decision on dispositive motions | |
| 28 | Parties to exchange copies of all proposed trial exhibits | 40 days after decision on dispositive motions | |
| 29 | Joint final pretrial order | 40 days after decision on dispositive motions | |
| 30 | Pretrial Conference | 45 days after decision on dispositive motions | |
| 31 | Any motions *in limine* to be made | 40 days after decision on dispositive motions | |
| 32 | Trial | 90 days after decision on dispositive motions | |

2. **Interrogatories.** Plaintiff may serve up to twenty-five (25) interrogatories in each docketed case. Defendants may serve up to twenty (20) interrogatories in each docketed case and may serve up to fifteen (15) interrogatories common to all of the above-docketed cases.

3. **Depositions.**

   a. Plaintiff and Defendants in each docketed case shall have 45 hours of deposition time total for depositions of parties and party fact witnesses.

   b. In addition, Plaintiff and Defendants collectively for all of the above-docketed cases will each have an additional 20 hours of deposition time total.

4. **Requests for Production of Documents.** There are no limits on requests for the production of documents, subject to Fed. R. Civ. P. 26 and further Order of the Court.

5. **Requests for Admission.** Plaintiff and Defendants in each docketed case shall have 25 requests for admission except there is no limit on the number of requests for admission that a document is (1) authentic, (2) a business record, or (3) otherwise meets a condition for admissibility in evidence.

6. **Third- (or Non-) Party Discovery.** There are no limits on non-/third-party discovery, subject to Fed. R. Civ. P. 26 and further Orders of the Court.

7. **Expert Discovery.** The parties shall meet and confer after claim construction briefing has been submitted to discuss the contours on expert discovery.

8. **E-Discovery.** See the "Order Regarding E-Discovery in Patent Cases." *See e.g.*, Dkt. No. 67 (14-cv-03456).

9. **Motion to Bifurcate Liability and Damages.** The briefing schedule for Defendants' motion to bifurcate liability and damages discovery shall be as follows:

   a. Defendants shall file the motion on February 11, 2016.

5

b. Plaintiff shall file its opposition to the motion on February 22, 2016.

c. Defendants shall file their reply in further support of the motion on February 29, 2016.

d. The Return Date of the motion shall be March 7, 2016.

e. No damages discovery shall occur until the motion to bifurcate is adjudicated.

10. **Priority Date.** Defendants shall serve a common interrogatory requesting Plaintiff, WAG Acquisition, L.L.C., to provide the priority date and specific citations (column and line number) for certain terms in each of the asserted patents. Defendants will endeavor to serve that common interrogatory promptly after the Discovery Plan is submitted to the Court and prior to the date set in § 1 (item 4).

11. **Limit Claims.** Plaintiff will by March 22, 2016 limit its claims in its infringement contentions and as discussed with the Court on January 22, 2016.

12. Any dispute regarding written discovery shall be submitted to the Court by way of Joint Letter, and only after the parties have met and conferred in good faith under L. Civ. R. 37.1. Any dispute regarding written discovery must be presented by October 1, 2016. Thereafter, the Court will not entertain any disputes re. written discovery. If the Court grants Defendants' Bifurcation Motion, any party may, on notice to the other parties in these cases, request a separate deadline for written discovery disputes arising from damages discovery.

IT IS SO ORDERED.

Dated this 1st day of February 2016

Michael A. Hammer, U.S.M.J.