

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

February 5, 2016

**Via ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re**:   *WAG Acquisitions L.L.C. v. MultiMedia, LLC, et al.* (**14-cv-02340**);
*WAG Acquisitions L.L.C. v. WMM LLC, et al.* (**14-cv-02345**);
*WAG Acquisitions L.L.C. v. Flying Crocodile, et al.*, (**14-cv-02674**);
*WAG Acquisitions L.L.C. v. Gattyan Group S.a.r.l et al.* (**14-cv-02832**);
*WAG Acquisitions L.L.C. v. FriendFinder Networks Inc., et al.* (**14-cv-03456**);
*WAG Acquisitions L.L.C. v. Vubeology, Inc., et al.* (**14-cv-04531**); and
*WAG Acquisitions L.L.C. v. WebPower, Inc., et al.* (**15-cv-03581**)

Dear Judge Hammer,

On behalf of Plaintiff WAG Acquisition, L.L.C. ("WAG") and the Defendants in the above-captioned cases ("Defendants") (collectively, "the Parties"), we write regarding the Parties' submission of a Discovery Confidentiality Order ("DCO"), pursuant to the Court's Letter Orders (*e.g.*, D.I. 66 in 14-cv-02340).

The parties have met and conferred to prepare the DCO, which the Parties are filing today with the Court.

Where the Parties were unable to reach agreement, we have included the disputed language in the applicable section of the DCO (¶¶ 6(g) and 21).[1]  We are providing here a brief summary of the Parties' positions to frame the issues for Your Honor:

**¶ 6(h) - pertaining to disclosure of Confidential Material to Executives**

Defendants' Position:  WAG is an entity comprised of William A. Grywalski and Harry Emerson, the "decision-makers" in the litigation and the prosecution of a pending patent application in the same family of patents being asserted against Defendants.  These "business executives" – who have a pecuniary interest in both the litigation and the pending patent application – should not be permitted access to Defendants' "Confidential material."  As this phrase is defined, WAG's executives could review Defendants' "competitively sensitive technical, marketing, financial, sales or other confidential business information."  DCO ¶ 1.  Moreover, because "Confidential" encompasses Rule 26(c)(1)(G), they also potentially could review "trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 26(c)(1)(G).

---

[1] The parties agree to submit the requisite attorney declaration pursuant to Local Rule 5.3(b) once the disputed issues have been resolved.

**Hon. Michael A. Hammer, U.S.M.J.**
February 5, 2016
Page 2

This is problematic (and prejudicial) because, *inter alia*, it creates the risk of inadvertent disclosure and improper use, *e.g.*, the present litigation and possible future targets, by decision-makers with a personal stake in the "economic destiny" of the litigation. Courts have agreed that such individuals should be precluded from viewing confidential information. *Autotech Techs. Ltd. P'ship v. AutomationDirect.com, Inc.*, 237 F.R.D. 405, 410-411 (N.D. Ill. 2006) ("manifestly impossible" for executive "to perform the mental gymnastic of putting the information out of his consciousness and making competitive decisions independent of that information") (internal citations omitted); *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 299 F.R.D. 498, 501 (W.D. Va. 2014) (same); *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, 2008 U.S. Dist. LEXIS 107096, *24 (E.D. Tex. Mar. 14, 2008) ("Defendants' confidential information could be of value to an entity such as Sales Tech, whose business model hinges on the ability to acquire intellectual property and enforce it against other entities …."). Thus, the idea of WAG's executives signing a non-disclosure agreement is inadequate. There is no compelling reason for WAG's business executives to review Defendants' Confidential information; WAG can "develop [its] strategy using litigation counsel and outside experts to review information marked confidential . . . and present it in a non-confidential manner to the client for decision-making purposes." *McAirlaids*, 299 F.R.D. at 501.

**¶ 21 - pertaining to Prosecution Bar as to Confidential Material**

Defendants' Position: "Confidential" material should trigger the prosecution bar set forth in ¶ 21 of the DCO. WAG has a pending patent application claiming priority to the same provisional application referenced in the patents-in-suit. WAG's attorneys and/or the two business executives should not be allowed to use Defendants' Confidential material to direct claims and particularly their scope to Defendants' websites – which is exactly what they seek from the Court here today. There is also the risk that WAG could potentially use defendants' proprietary information and pass it off as their own in a new or pending patent application. These are serious concerns, as many courts have noted. *See, e.g.*, *Boehringer Ingelheim Pharms., Inc. v. Hercon Labs. Corp.*, 1990 WL 160666, at *3 (D. Del. Oct. 12, 1990) ("[T]he risk is high that [in-house technical] personnel would be unable to separate any applications or methods gained from review of samples in this case from those they may develop in the future from their own ideas."); *ST Sales*, 2008 WL 5634214, at *5 ("Courts have continuously determined that attempting to compartmentalize knowledge is an exercise in futility.").

**WAG's Position (as to both issues):**

      **First**, as contemplated by Par. 6(g) of the Court's Model Discovery Confidentiality Order (Appendix S of the Local Rules), the "executives who are required to participate in decisions with reference to this lawsuit" should be entitled to access to information classified at the lowest level of designation under the Order, which in the present case is the "CONFIDENTIAL" category. This is reflected in WAG's proposed insertion, Par. 6(h) of the accompanying proposed Order. There is little risk of harm from the executives of WAG (which does not compete with any of the Defendants) having access to this lowest level of designated material. Defendants' refusal to accept Par. 6(h) would make all categories covered by this Order effectively ATTORNEYS' EYES ONLY. This would make it very difficult to apprise WAG of developments in the case, or on

**Hon. Michael A. Hammer, U.S.M.J.**
February 5, 2016
Page 3

settlement, etc. In response to Defendants' concern, as reflected in WAG's proposed language, WAG is willing to limit this access to two (2) executives only.

Defendants' concern about "trade secrets" is misplaced, because under the Order, they will have the right to designate anything they believe qualifies as a trade secret as ATTORNEYS' EYES ONLY – which cannot be disclosed to the executives. The cases they cite are inapposite: The *Autotech* and *ST Sales* cases concerned access by certain attorneys to material designated "**attorneys' eyes only**" – here the issue solely relates to information designated at a *lower* level of sensitivity; *McAirlaids* involved parties that were direct competitors, which is not the present case. Defendants cite to no authority that supports making all designations under a confidentiality order "attorneys' eyes only." Such a determination would go completely against the scheme of this Court's Model Discovery Confidentiality Order, which expressly provides for disclosure to responsible executives.

Defendants make various arguments, but as stated in a recent ruling in this District, "[t]he Court doubts that the parties in the previous cases where Appendix S was entered were any less concerned about the potential misuse of their confidential information than the parties in this case." *Supernus Pharm., Inc. v. Actavis, Inc.*, Case No. 1:13-4740, Dkt. 57 (D.N.J. Jan. 10, 2014).

**Second**, a "patent prosecution bar" (as in Par. 21 of the accompanying proposed Order) constitutes a very severe restriction on the future activities of a party and its counsel, and should be applied very judiciously. While WAG does not object per se to a patent prosecution bar resulting from access to highly sensitive Defendant material, WAG submits that any bar must be closely tailored to the harms against which it is designed to protect. The bar should not be structured so that it triggers merely because of exposure to any information at the lowest level (CONFIDENTIAL) established under this Order. The CONFIDENTIAL category that Defendants propose as the threshold trigger for this bar is by definition comprised of information that the producing party cannot even claim is "highly likely to cause significant harm" to it. (The "highly likely to cause harm" language is the standard for classification as ATTORNEYS' EYES ONLY, the next level up in the hierarchy of sensitivity established under the order).

A patent prosecution bar is only appropriate where Defendants can make a specific, identifiable showing that access to materials that would trigger the bar will lead to potential harm. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) ("a party seeking the imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information."); *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, No. CIV. A. 08-6304 WJM, 2009 WL 3627947, at *3 (D.N.J. Oct. 29, 2009).

Furthermore, the Federal Circuit in *Deutsche Bank* specifically stated: "financial data and other sensitive business information, even if deemed confidential, would not normally be relevant to a patent application and thus would not normally be expected to trigger a patent prosecution bar." 605 F.3d at 1381.

**Hon. Michael A. Hammer, U.S.M.J.**
February 5, 2016
Page 4

      Accordingly, something at a higher level of sensitivity than material at the lowest rung of the present hierarchy should be required in order to trigger the severe restraints of a prosecution bar. If the materials at issue are not highly likely to cause significant harm, such materials cannot justify triggering a patent prosecution bar. In WAG's view, the bar should not trigger for access to material below an ATTORNEYS' EYES ONLY threshold. WAG's deletion of the word "CONFIDENTIAL" in the accompanying proposed Order would accomplish this.

\* \* \* \* \*

      The Parties respectfully request a telephonic hearing to address these disputed issues. The Parties also request the opportunity to submit briefing on these discrete topics given their importance to WAG and the Defendants. We appreciate the Court's courtesies and consideration.

      Respectfully,

      s/ Justin T. Quinn
      Justin T. Quinn

cc:    All counsel of record (*via* ECF)