UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>                     Plaintiff,<br><br>v.<br><br>Multi Media, L.L.C., *et al.*,<br><br>                     Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>                     Plaintiff,<br><br>v.<br><br>Data Conversions, Inc., *et al.*<br><br>                     Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>                       Plaintiff,<br><br>v.<br><br>Flying Crocodile, Inc., *et al.*,<br><br>                     Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>                     Plaintiff,<br><br>v.<br><br>Gattyán Group S.à r.l., *et al.*,<br><br>                     Defendants. | Civil Action No. 2:14-cv-02832 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>   Plaintiff,<br><br> v.<br><br>FriendFinder Networks Inc., *et al.*,<br><br>   Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>   Plaintiff,<br><br> v.<br><br>Vubeology, Inc. *et al.*,<br><br>   Defendants. | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>   Plaintiff,<br><br> v.<br><br>WebPower, Inc. d/b/a WP Associates *et al.*,<br><br>   Defendants. | Civil Action No. 2:15-cv-3581 (ES)(MAH) |

[~~PROPOSED~~] DISCOVERY CONFIDENTIALITY ORDER *[handwritten annotation: This matter having come before the Court on the parties' attempt to agree on the form of a Discovery Confidentiality Order; and the Court having addressed the matter on the record on 3/9/16; and the parties' joint letter of 3/23/16; and the Court having reviewed and considered the parties' competing proposals]*

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

  1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any "Discovery Material" (defined as documents, electronically stored information, testimony, or other information produced or otherwise disclosed), or portion of any Discovery Material: (a) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains

3

any private or confidential personal information, or (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material, or portion of any Discovery Material that contains trade secrets or other highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. Any party to this litigation and any third-party shall have the right to designate as "RESTRICTED CONFIDENTIAL SOURCE CODE" and subject to this Order any Discovery Material, or portion of any Discovery Material that contains highly sensitive source code ("Restricted Confidential Source Code Material"), the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

4. Any party to this litigation shall have the right to designate as "Patent Prosecution Bar Material" any "Confidential" Material, "Attorneys' Eyes Only" Material or "Restricted Confidential Source Code" Material that contains information of a sensitive technical nature relating to that party's products, processes and/or platforms; research and development on proposed new products, processes and/or platforms; internal process specifications; or protocols, source code, and proprietary software, that such party believes in good faith is relevant to the activities described in Paragraph 22 hereof (hereinafter "Patent Prosecution Bar Material"). Discovery Material of a non-technical nature, including by way of non-limiting example, purely financial, sales, or marketing documents, shall not be designated as Patent Prosecution Bar Material. Any party to this litigation who produces or discloses any Patent Prosecution Bar Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, and wishes to designate it as such, shall, in addition to the mark made identifying such material as Attorneys' Eyes Only or Restricted Confidential Source Code Material, mark the Patent Prosecution Bar Material with the foregoing or similar legend: "SUBJECT TO PATENT PROSECUTION BAR."

5. To the extent that any receiving party receives Confidential or Attorneys' Eyes Only material that was produced in a separate action, other than this action, which was filed in any federal or state court, federal or state administrative tribunal, including, any arbitration and/or settlement negotiation process, and which Confidential or Attorneys' Eyes Only material was produced subject to a protective order, sealing order, confidential agreement, or any stipulation among the parties (collectively the "Additional Protective Orders"), the receiving party shall treat the Confidential or Attorneys' Eyes Only material received and subject to any other Additional Protective Orders as Confidential or Attorneys' Eyes Only material pursuant to Paragraphs 1 and

2 above, in a similar manner as such material was treated in the Additional Protective Orders or that particular action. Furthermore, as the Court has required production of materials produced pursuant to protective orders filed in other cases, materials that were produced pursuant to the protective orders in the other actions and designated as confidential (or highly confidential or attorneys' eyes only) shall retain all protection provided to them under all such orders without further confidentiality designations in this matter, and dissemination of such materials to the persons bound by this Order shall not be deemed to effect a waiver of any of the protection afforded under such orders.

6. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party and its counsel solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party or its counsel for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7 or 9, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

7. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    (a) Outside counsel (herein defined as any attorney at the parties' outside law firms);

    (b) Outside experts or consultants retained by outside counsel for purposes of this action, who are not employees, officers or directors of any party, and not anticipated to become employees, officers, or directors of that party and who are retained or employed as bona fide consultants or experts for purposes of this

litigation, by or at the direction of counsel for that party, provided they have signed a non-disclosure agreement in the form attached hereto as Appendix A and provided further that the procedures set forth in Paragraph 10 below have been followed;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel assuming protections have been taken to protect such Confidential information such as filing a motion to seal;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

(g) One (1) in-house counsel for each party.

(h) The parties. In the case of parties that are corporations or other business entities, "party" shall mean up to two (2) executives who are required to participate in decisions with reference to this lawsuit.

8. Confidential material shall be used only by individuals permitted access to it under Paragraph 7. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) an attorney for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. Material produced and marked as Attorneys' Eyes Only may be disclosed only to Outside counsel for the receiving party and other individuals permitted access to Confidential material under Paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), and 7(f), and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. For avoidance of doubt,

Attorneys' Eyes Only material shall not be disclosed to a party, including its in-house counsel under Paragraph 7(g).

10. For any party or non-party's Restricted Confidential Source Code Material, the following additional restrictions apply:

(a) Access to a party's Restricted Confidential Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h) and (k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing party's outside counsel;

(b) The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Restricted Confidential Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Restricted Confidential Source Code Material on the stand-alone computer(s), on which a receiving party, or its outside consultants, shall be permitted to install a reasonable suite of software tools to analyze the Restricted Confidential Source Code Material (the producing party shall identify the nature of the Restricted Confidential Source Code Material no later than seven (7) days in advance of the receiving party's analysis of such material, and the receiving party shall identify any such tools to the producing party no later than five (5) days in advance of the receiving party's analysis of the Restricted Confidential Source Code Material);

(d) The producing party will produce Restricted Confidential Source Code Material in native format with all header files and makefiles and any associated documentation files;

(e) Access to materials designated Restricted Confidential Source Code Material shall be limited to outside counsel and up to three (3) outside consultants

or experts[1] (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party) retained for the purpose of this litigation and approved to access such materials pursuant to this Order. A receiving party may include excerpts of Restricted Confidential Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (hereinafter "Restricted Confidential Source Code Documents"), provided that the Restricted Confidential Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Restricted Confidential Source Code Material are quoted in a Restricted Confidential Source Code Document, either (1) the entire Restricted Confidential Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Restricted Confidential Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g) Except as set forth in Paragraph 10(k) below, no electronic copies of Restricted Confidential Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The receiving party shall be permitted to make a reasonable number of printouts and photocopies of Restricted Confidential Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving party shall maintain a log of all such files that are printed or photocopied;

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j) If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of Restricted Confidential Source Code Material, the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Restricted Confidential Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Restricted

---

1. For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

9

Confidential Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k) A producing party's Restricted Confidential Source Code Material may only be transported by the receiving party at the direction of a person authorized under Paragraph 10(e) above to another person authorized under Paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Restricted Confidential Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Restricted Confidential Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Restricted Confidential Source Code Materials may be loaded onto a stand-alone computer.

11. The following procedures shall apply for approving or objecting to disclosure of Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material or items to outside experts or consultants.

(a) Unless otherwise ordered by the Court or agreed to in writing by the parties, outside counsel for a party to the underlying action that seeks to disclose to an Expert any information or item that has been designated by a party as Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material pursuant to Paragraphs 1, 2 or 3 first must make a written request to the producing party that (i) identifies the general categories of Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material that the party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, and (iv) identifies the Expert's current employer(s).

(b) A party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material to the identified Expert unless, within ten (10) days of delivering the request, the party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

(c) A party to the underlying action that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.

(d)   If no agreement is reached, the party objecting to the disclosure to the Expert shall file a motion to the Court within seven (7) days stating the reason why the Expert should not be entitled to review such information. If the objecting party does not timely file its motion, its objection to disclosure of the subject Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material to the identified Expert shall be waived. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert would cause unreasonable risk of harm, and suggest any additional means that could be used to reduce that risk. In any such proceeding, the producing party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the party's need to disclose the Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material to its Expert.

12.   With respect to any depositions that involve a disclosure of any Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript to inform all other parties that portions of the transcript are to be designated Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material, which period may be extended by agreement of the parties. No portions of a deposition transcript designated by a party as Confidential material shall be disclosed to any individual other than the individuals described in Paragraphs 7(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 7(a), (b), (c), (d) and (f) above and the deponent during said thirty (30) days. No portions of a deposition transcript designated by a party as Attorneys' Eyes Only shall be disclosed to any individual other than the individuals described in Paragraph 9 above. No portions of a deposition transcript designated by a party as Restricted Confidential Source Code Material shall be disclosed to any individual other than the individuals described in Paragraph 10 above. Upon being informed that certain portions of a deposition are to be designated as Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material, all parties

shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with terms of this Order.

13. If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only, Restricted Confidential Source Code Material, or Patent Prosecution Bar Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

> (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, Restricted Confidential Source Code Material, or Patent Prosecution Bar Material. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.
>
> (b) If a dispute as to a Confidential, Attorneys' Eyes Only, Restricted Confidential Source Code Material, or Patent Prosecution Bar Material designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

15. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material, it may do so only after giving notice to the producing party and as directed by the Court.

16. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material

that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material under this Order.

17. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

18. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

19. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

20. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Attorneys' Eyes Only, and Restricted Confidential Source Code Material and to destroy, should such source so request, all copies of Confidential, Attorneys' Eyes Only, and Restricted Confidential Source Code Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential, Attorneys' Eyes Only, and Restricted Confidential Source Code Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of material designated as Confidential, Attorneys' Eyes Only, and Restricted Confidential Source Code Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

22. Any attorney representing a party, whether in-house or outside counsel, and any person associated with a party and permitted to receive the other party's Patent Prosecution Bar Material, who obtains, receives, accesses, or otherwise learns, in whole or in part, Patent Prosecution Bar Material under this Order shall not prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes activity in connection with a proceeding or application before the United States Patent Trademark Office, such as directly or indirectly drafting claims, amending claims, advising clients concerning claim scope or amendment, or any other activity by an attorney otherwise affecting the scope or maintenance of patent claims. Subject to the foregoing, "prosecution" as used in this paragraph shall not include representing a party challenging or defending an issued patent in an *ex parte* reexamination, post-grant review proceeding, derivation proceeding, covered business method review proceeding, or *inter partes* review proceeding. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to Patent Prosecution Bar Material and any individuals who, on behalf of the party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

IT IS SO ORDERED.

Dated this 28th day of March 2016

*[signature]*

Michael A. Hammer, U.S.M.J.

# APPENDIX A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

[INSERT DOCKETED CASE EXPERT ASSISTING]

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Discovery Confidentiality Order that was issued by the United States District Court for the District of New Jersey on _____ in the case of _____ (the "Protective Order"). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order, including the disclosure of any words, summaries, abstracts, or indices of Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material information disclosed to me to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree that no later than the final conclusion of the case, I will return all Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____