UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
WAG ACQUISITION, L.L.C.,           :
                                   :
          Plaintiff,               :   Civil Action No. 14-2340 (ES) (MAH)
                                   :
     v.                            :
                                   :
MULTI MEDIA, L.L.C., et al.,       :
                                   :
          Defendants.              :
_____:
                                   :
WAG ACQUISITION, L.L.C.,           :
                                   :
          Plaintiff,               :   Civil Action No. 14-2345 (ES) (MAH)
                                   :
     v.                            :
                                   :
DATA CONVERSIONS, INC., et al.,    :
                                   :
          Defendants.              :
_____:
                                   :
WAG ACQUISITION, L.L.C.,           :
                                   :
          Plaintiff,               :   Civil Action No. 14-2674 (ES) (MAH)
                                   :
     v.                            :
                                   :
FLYING CROCODILE, INC., et al.,    :
                                   :
          Defendants.              :
_____:

| | | |
|---|---|---|
| **WAG ACQUISITION, L.L.C.,** | : | |
| Plaintiff, | : | Civil Action No. 14-2832 (ES) (MAH) |
| v. | : | |
| **GATTYÁN GROUP S.à.r.l., et al.,** | : | |
| Defendants. | : | |
| **WAG ACQUISITION, L.L.C.,** | : | |
| Plaintiff, | : | Civil Action No. 14-3456 (ES) (MAH) |
| v. | : | |
| **FRIENDFINDER NETWORKS INC., et al.,** | : | |
| Defendants. | : | |
| **WAG ACQUISITION, L.L.C.,** | : | |
| Plaintiff, | : | Civil Action No. 14-4531 (ES) (MAH) |
| v. | : | |
| **VUBEOLOGY, INC., et al.,** | : | |
| Defendants. | : | |
| **WAG ACQUISITION, L.L.C.,** | : | |
| Plaintiff, | : | Civil Action No. 15-3581 (ES) (MAH) |
| v. | : | |
| **WEBPOWER, INC., et al.,** | : | ORDER |
| Defendants. | : | |

These matters having come before the Court by way of the parties' June 23, 2016 and July 28, 2016 letters to the Court [D.E. 103];

and the Court having reviewed the letters, and having heard oral argument on the issues presented therein on October 7, 2016;

and it appearing that Defendants seek to limit the number of patent claims that Plaintiff WAG Acquisition LLC ("WAG") can assert in this case;[1]

and it further appearing that WAG seeks to limit Defendants' prior art references;

and it further appearing that although the Court endeavored repeatedly to facilitate a resolution of these disputes by and between the parties, the parties insist that the disputes are irreconcilable and therefore that this Court must decide these issues;

and it further appearing that WAG maintains that although these cases began with four patents presenting a total of 71 claims, and the Local Patent Rules of the United States District Court for the District of New Jersey do not limit how many claims a plaintiff may assert, "WAG voluntarily limited the claims and, to a maximum of 21 per case and 11 per patent, for a total of 24 claims across all seven cases[,]" July 28, 2016 Joint Letter, D.E. 103, at 2;

and it further appearing that WAG asserts that Defendants did not object to the modified number of claims until WAG sought to limit the number of Defendants' prior art references;

---

[1] The relevant patents are: (1) U.S. Patent No. 8,122,141 ('141 patent); (2) U.S. Patent No. 8,327,011 ('011 patent); (3) U.S. Patent No. 8,185,611 ('611 patent); and (4) U.S. Patent No. 8,364,839 ('839 patent). The patents at issue perform two different functions. The '141 and '011 patents are the so-called "pull patents." This technology basically allows an end-user to receive content responsive to their search request by "pulling down the information that's requested[.]" Id. at 60:4 to 60:5. The '611 and '839 patents are the "buffering patents." The parties agree that the '141 and '011 patents should constitute the "Group 1" patents, and the '611 and '839 patents should constitute the "Group 2" patents. See July 28, 2016, Joint Letter, D.E. 103, at 3 & 7 n.2.

and it further appearing that WAG more recently has agreed to further reduce its claims to 19 claims for all seven cases (8 claims per patent), and a maximum of 17 claims per case;

and it further appearing that WAG contends that the number of claims it proposes is a typical amount for pre-<u>Markman</u> ruling discovery, and that the Federal Circuit Advisory Council model order and Eastern District of Texas standing order allow for 10 claims per patent and 32 claims in total;

and it further appearing that WAG contends that to require it to limit its claims to the extent that Defendants request would improperly deprive WAG of due process by denying its ability to pursue valid infringement claims, because each claim that WAG seeks to assert has its own set of limitations, thereby potentially producing different results on infringement and validity;

and it further appearing that WAG seeks to reserve the right to reinstate claims later upon a showing of good cause;[2]

---

[2] Defendants contend that this Court should either prohibit WAG from reinstituting claims entirely or permit Defendants a similar opportunity to renew invalidity contentions regarding any such claims. Defendants' position that the Court should limit WAG is at odds with its reservation of the right to amend its invalidity contentions after Markman. See July 28, 2016, Joint Letter, D.E. 103, at page 10 n.4. More importantly, Defendants' position would have the Court conclude now that Plaintiff could not satisfy Local Patent Rule 3.7 if it sought later to reinstitute claims. Under Local Patent Rule 3.7, a party may amend contentions "only by Order of the Court upon a timely application and showing of good cause." L. Pat. R. 3.7. That analysis requires the Court to consider "first whether moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." <u>Astrazeneca v. Dr. Reddy's Labs</u>, No. 11-2317, 2013 U.S. Dist. LEXIS 36779, at *8 (D.N.J. Mar. 18, 2013). Other factors the Court may consider include (1) the reason for the proposed amendment, (2) the importance of the claims or contentions to be allowed or excluded, and (3) the potential impact of a delay on judicial proceedings. <u>See Oy Ajat Ltd. v. Vatech Am., Inc.</u>, 2012 U.S. Dist. LEXIS 43443, at *20-21 (D.N.J. Mar. 29, 2012).

At this stage, it is impossible to know whether WAG will even seek to reinstate claims, much less whether it will have good cause to do so. Accordingly, the Court will not now prohibit WAG from later moving to reinstate; nor will the Court prohibit Defendants from

and it further appearing that WAG seeks to limit the number of prior art references in Defendants' invalidity contentions to 35 references for each of the Group 1 and Group 2 patents, and 40 unique references for each case;

and it further appearing Defendants maintain that any "forced reduction of prior art" before claim construction provides insight into the claims and thus the relevance of their prior art references would confer on WAG an unfair advantage, and that Defendants have already voluntarily limited their prior art references from more than 600 to 50 or less references, and then again in the cases involving Defendants Flying Crocodile and Vubeology;

and it further appearing that Defendants argue that the claims WAG seeks to preserve are similar in scope and overlap;

and it further appearing that Defendants contend that courts have rejected or otherwise refused to adopt the Federal Circuit Advisory Council model order;

and the Court concluding that Defendants have not demonstrated good cause for the Court, at this relatively early stage of litigation, to require WAG to limit its claims, given that WAG has already limited its claims, there has been no ruling on claim construction, and that

---

seeking to renew invalidity contentions. All parties are on notice, however, that any such application must satisfy this Court's exacting scrutiny to ensure the application meets the requirements of Local Patent Rule 3.7. Specifically, to the extent Plaintiff seeks to reintroduce claims or Defendants seek to amend their invalidity contentions, that party will have to establish good cause for any initial exclusion, and in any event, good cause for reintroducing or amending them. This is an exacting standard, consistent with the principle that "the Local Patent Rules strive to have the parties establish their contentions early on." Astrazeneca, 2013 U.S. Dist. LEXIS 36778, at *8-9. Accordingly, if, as Defendants forecast might occur, the parties "conduct claim construction and fact discovery only to see WAG a year or so later" seek to "reinstitute the same claims it dropped now," July 28, 2016 Joint Letter, D.E. 103, at 12, WAG will have to persuade the Court that there is good cause under Rule 3.7 to take that plainly extraordinary step, and Defendants will be free to oppose the application. At this time, however, the dispute is speculative and not ripe for adjudication.

discovery of even overlapping claims may nonetheless be relevant under Federal Rule of Civil Procedure 26;

and the Court concluding that WAG has not demonstrated good cause for the Court to limit the Defendants' prior art references, particularly since WAG insists that it not be required to limit its claims, and given that Defendants have already reduced their prior art references;

**IT IS** on this 14th day of October, 2016,

**ORDERED** that Defendants' request that the Court limit the number of claims that Plaintiff can assert is DENIED; and it is further

**ORDERED** that Plaintiff's request that the Court limit the number of prior art references by Defendants is DENIED.

<u>s/Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**
