

One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

December 8, 2016

**VIA ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:**  *WAG Acquisition L.L.C. v. MultiMedia, LLC, et al.* **(14-cv-02340)**;
*WAG Acquisition L.L.C. v. WMM LLC, et al.* **(14-cv-02345)**;
*WAG Acquisition L.L.C. v. Flying Crocodile, et al.* **(14-cv-02674)**;
*WAG Acquisition L.L.C. v. Gattyan Group S.a.r.l, et al.* **(14-cv-02832)**;
*WAG Acquisition L.L.C. v. FriendFinder Networks Inc., et al.* **(14-cv-03456)**;
*WAG Acquisition L.L.C. v. Vubeology, Inc., et al.* **(14-cv-04531); and**
*WAG Acquisition L.L.C. v. WebPower, Inc., et al.* **(15-cv-03581)**

Dear Judge Hammer:

We represent the defendants in the above-captioned actions ("Defendants"). We write to inform the Court that WAG is in violation of the Court's Order by failing to serve its Responses to Defendants' Invalidity Contentions and Accompanying Document Production ("Responses") by November 14, the deadline ordered by the Court in the Amended Discovery Plan. *See* Amended Discovery Plan, Dkt. No. 113, Item No. 3 (citing L. Pat. R. 3.4A).[1]  WAG never sought an extension from the Court or Defendants prior to that due date and has offered no reasonable explanation for failing to seek one. Thus, if WAG seeks an extension, it should be denied and the Court should additionally "impose any 'just' sanction for the failure to obey a scheduling order . . . ." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (internal citations omitted).

**Relevant Background**

On February 1, 2016, the Court entered the joint Discovery Plan (or Scheduling Order) under Rule 16, which required WAG to submit its Responses by June 23, 2016. Dkt. No. 76 at 3 (stating

---

[1] Unless otherwise noted, all docket citations correspond to case number 14-cv-2340.

The Honorable Michael A. Hammer, U.S.M.J.
December 8, 2016
Page 2

"good cause" under Rule 16 met for the Order).[2]  Instead of honoring that obligation, WAG forced the Court and Defendants into protracted litigation over reducing prior art (and asserted claims), including a telephonic hearing on October 7, with the Court holding on October 14, 2016 that no reduction of prior art (or asserted claims) was necessary.  Order, Dkt. No. 112.  Nonetheless, WAG's tactic yielded approximately four additional months from when the Responses were due in June to review Defendants' invalidity contentions and prepare its Responses.

Following the Court's October 14 ruling, the Parties submitted an Amended Discovery Plan in which WAG insisted on 30 days from the Court's ruling to serve Responses,[3] bringing **WAG's total time to prepare Responses to approximately five months**.  The Court entered the Amended Discovery Plan on the same day, setting the deadline for the responses as "30 days after the . . . Court's [October 14] decision," in other words, November 14.  *See* Dkt. No. 113 (finding "good cause" under Rule 16 to amend the original Discovery Plan).  WAG failed to serve its required Responses by that November 14 date.[4]  And prior to that due date, WAG neither sought an extension from the Court, nor requested Defendants' consent for additional time.

Defendants informed WAG on November 30 that its Responses were deemed waived.  WAG then took 5 days to respond (December 5, 2016), requesting an extension from Defendants until January 23, 2017 (which is a 70 day extension from the November 14, 2016 due date), purportedly "due to the large volume of material."  Thus, it was not until *Defendants* raised the issue that WAG even saw fit to address its known violation.  On December 6, 2016, the Parties met and conferred on this, to no avail.  Defendants rejected any such extension given: (1) WAG made no effort whatsoever prior to the deadline to seek an extension; (2) the Amended Discovery Plan is clear that WAG's Responses were due on November 14, 2016; (3) the Local Patent Rules provide 14 days for Responses (L. Pat. R 3.4A) − not the approximately five months (June 23, 2016 to November 14, 2016) WAG would have received had it responded in accordance with the October

---

[2] Defendants followed the Discovery Plan and timely served their invalidity contentions on June 9, 2016.

[3] WAG expressly requested 30 days for its Responses, and Defendants − despite believing no further extensions should be permitted given the four months WAG had the Invalidity Contentions to review and to prepare Responses − suggested 20 days to respond.  WAG insisted on 30 days, and Defendants, in an effort to obtain a date certain for WAG's Responses, agreed.  Thus, WAG is not entitled to and should not be given any further extensions.

[4] Importantly, this is not the first time WAG has missed deadlines.  In March-April 2016, certain defendants served individual requests for production of documents to which WAG failed to respond.  Not until Defendants raised the issue did WAG respond.  WAG also has failed to fulfill promised dates of other discovery, such as a promised privilege log in July that WAG did not produce until November 28.  The record is replete with such missed deadlines by WAG, and demonstrates the unreasonableness with which WAG has litigated this case.

The Honorable Michael A. Hammer, U.S.M.J.
December 8, 2016
Page 3

14th Amended Discovery Plan; and (4) WAG failed to provide a good-faith reason for another extension in light of its conduct to date.   Moreover and as of this filing, WAG still has not notified the Court of its violation or otherwise moved to seek an extension for its Responses, despite almost a month passing after the deadline set in the Amended Discovery Plan.

**"Good Cause" Is Required To
Alter The Amended Discovery Plan**

"Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines she made a tactical error in limiting discovery their utility will be severely impaired." *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 341 n.4 (3d Cir. 1990) (internal citation and quotations omitted).  "The [local patent] rules are essentially a series of case management orders . . . ." *O2 Micro Int'l*, 467 F.3d at 1363; *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 U.S. Dist. LEXIS 56422, at *5-6 (D.N.J. Apr. 23, 2012) (Hammer, M.J.) ("The pretrial scheduling order allows a court to take judicial control over a case and to **schedule dates for completion by the parties of the principal pretrial steps**.") (internal citations and quotations omitted) (emphasis added).

"Under Rule 16(b)(4), a scheduling order may only be modified for good cause." *Stallings v. IBM Corp.*, No. 08-3121, 2009 U.S. Dist. LEXIS 81963, at *45 (D.N.J. Sept. 8, 2009) (internal quotations omitted); FED. R. CIV. P. 16(b).  "Whether good cause exists under Rule 16 depends on the diligence of the moving party." *Fermin*, 2012 U.S. Dist. LEXIS 56422, at *7 (internal citations and quotations omitted).  "In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Ctr. Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (internal citation omitted).

"Moreover, the absence of prejudice to the non-moving party does not constitute good cause under Rule 16." *Harbor Laundry Sales, Inc. v. Mayflowers Textile Serv. Co.*, No. 09-6259, 2011 U.S. Dist. LEXIS 144878, at *8-9 (D.N.J. Dec. 16, 2011) (internal citation and quotations omitted).  "**Put succinctly, absent diligence, there is no good cause**." *Fermin*, 2012 U.S. Dist. LEXIS 56422, at *8 (internal citations and quotations omitted; emphasis added).

**WAG Cannot Alter The Amended Discovery Plan
Because It Lacks Diligence To Demonstrate "Good Cause"**

WAG's failure to seek an extension prior to the deadline for a "principal pretrial step[]" – WAG's Responses – is dispositive.  In such situations, courts in this district routinely deny requests to amend a scheduling order after a deadline has already passed. *Assadourian v. Harb*, No. 06-896, 2008 U.S. Dist. LEXIS 66182, at *8 (D.N.J. Aug. 25, 2008) ("Plaintiff's argument does not justify his failure to . . . explain why he did not request an extension of time to submit an amended pleading. . . . Plaintiff has not shown good cause for modifying the terms of the Pretrial Scheduling Order.").

The Honorable Michael A. Hammer, U.S.M.J.
December 8, 2016
Page 4

As in *Assadourian*, WAG offers no reasonable explanation for not seeking an extension on its Responses prior to the November 14, 2016 deadline, and there can be none given WAG agreed to the Scheduling Order requiring Responses by November 14.[5]  WAG claims its failure is because of a "large volume of material" in Defendants' invalidity contentions, but Defendants' invalidity contentions are the same as when WAG received them on June 9.  A purported significant amount of work is no excuse in this District for failing to seek an extension or alternatively, seeking to modify the scheduling order prior to a scheduling order deadline. *Stallings*, 2009 U.S. Dist. LEXIS 81963, at *47 (finding plaintiffs "have not stated good cause for allowing an amendment after the December 31, 2008 Scheduling Order deadline. . . . **Even if such a task could not be completed in that time, Plaintiffs could have moved for an extension of the pleadings deadline, which was not done and not explained**.") (citation omitted and emphasis added).

Given the foregoing, Defendants respectfully request that any application by WAG to amend the scheduling order (the Amended Discovery Plan) in an attempt to cure its Responses be denied and additionally request a just sanction.

We thank the Court for its kind consideration of this submission.  Should Your Honor have any questions, we are available at the Court's convenience.

                                                    Respectfully,

                                                    s/ Justin T. Quinn
                                                    Justin T. Quinn

cc:      All counsel of record (via ECF)

---

[5] WAG has had Defendants' invalidity contentions since June 9, 2016.  But for WAG's subsequent maneuvering about reduction of prior art, its responses should have been due on June 23, 2016.