Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
973-690-5400
jquinn@rwmlegal.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Multi Media, L.L.C., *et al*., <br><br> Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Data Conversions, Inc., *et al*., <br><br> Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| v. | |
| Flying Crocodile, Inc., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02832 (ES) (MAH) |
| v. | |
| Gattyán Group S.à r.l., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| v. | |
| FriendFinder Networks Inc., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No.2:14-cv-04531 (ES)(MAH) |
| v. | |
| Vubeology, Inc., *et al*., | |
| Defendants. | |

118105.0044/7055764.1

WAG Acquisition, L.L.C.,

      Plaintiff,

v.

WebPower, Inc., d/b/a WP Associates

*et al.*,

         Defendants.

Civil Action No.2:15-cv-03581
(ES)(MAH)

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE IN VIEW
OF THE SUPREME COURT'S *TC HEARTLAND* DECISION**

# <u>TABLE OF CONTENTS</u>

PAGE

I. INTRODUCTION ......................................................................1

II. ARGUMENT...........................................................................3

    A.    WAG Concedes That Venue Is Improper in the
District of New Jersey. ..........................................................3

    B.    Defendants Did Not Waive an Improper Venue Defense....................4

        1.    *TC Heartland* Changed Patent Venue Law. ..................................4

        2.    Before *TC Heartland*, An Improper Venue Defense
Was Not Available to Defendants. ................................................7

        3.    Defendants Promptly Moved to Dismiss in View
of *TC Heartland*...............................................................9

        4.    WAG's Suggestion That These Cases Are "Too Far
Along" Is Unavailing..............................................................11

        5.    The *TC Heartland* Decision Applies to the LLC Defendants.....13

III. CONCLUSION............................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                         **PAGE**

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
    No. 2:16-cv-00801, 2017 WL 3207233 (D. Nev. Jul. 27, 2017) ....................6, 7

*Cutsforth, Inc. v. LEMM Liquidating Co., LLC*,
    No. 12-cv-1200, 2017 WL 3381816 (D. Minn. Aug. 4, 2017) ..........6, 12, 13, 15

*DUSA Pharm., Inc. v. River's Edge Pharm., LLC*,
    2006 U.S. Dist. LEXIS 29852 (D.N.J. May 15, 2006).......................................15

*Elbit Sys.Land & C4I Ltd. v. Hughes Network Sys. LLC*,
    No. 2:15-cv-00037, 2017 WL 2651618 (E.D. Tex. June 20, 2017)....................8

*EyeTalk365, LLC v. Skybell Technologies, Inc.*,
    No. 3:16-cv-00702, 2017 WL 3669548 (W.D.N.C. Aug. 24, 2017).................11

*Ford Glob. Techs., LLC v. New World Int'l Inc.*,
    No. 2:15-cv-10394, 2017 WL 1967503 (E.D. Mich. Apr. 24, 2017)................10

*Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957).............*passim*

*Hand Held Prods., Inc. v. Code Corp*,
    No. 2:17-167, 2017 WL 3085859 (D.S.C. July 18, 2017) ..................................6

*Hart v. Massanari*,
    266 F.3d 1155 (9th Cir. 2001) .........................................................................10

*Hoover Grp., Inc. v. Custom Metalcraft, Inc.*,
    84 F.3d 1408 (Fed. Cir. 1996) .........................................................................12

*Int'l Rectifier Corp. v. SGS-Thomson Microelecs., Inc.*,
    513 U.S. 1044 (1994)..........................................................................................9

*Ironburg Inventions Ltd. v. Valve Corp.*,
    No. 1:15-cv-4219, 2017 WL 3307657 (N.D.Ga. Aug. 3, 2017) ................*passim*

*Johnson Gas Appliance Co. v. VE Holding Corp.*,
    499 U.S. 922 (1991)............................................................................................9

ii

*Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd*,
No. 2:12–cv–03375, 2013 WL 4517841 (D.N.J. Aug. 26, 2013) .......................3

*Maxchief Investments Ltd. v. Plastic Development Group*,
No. 3:16-cv-63, 2017 WL 3479504 (E.D. Tenn. Aug. 14, 2017) ..............*passim*

*Nitto Denko Corp. v. Hutchinson Tech. Inc.*,
No. 16-cv-3595 (D.N.J. Aug. 22, 2017) ......................................................*passim*

*OptoLum, Inc. v. Cree, Inc.*,
No. 16-03828, 2017 WL 3130642 (D. Ariz. July 24, 2017) ...........................6, 7

*Pipett v. Waterford Development, LLC*,
166 F. Supp. 2d 233 (E.D. Pa. 2001).................................................................15

*Reckitt Benckiser Pharm. Inc. v. Biodelivery Scis. Int'l, Inc.*,
No. 14-5892, 2015 WL 4461511 (D.N.J. July 21, 2015)................................2, 7

*Roberts v. Paulin*,
No. 07-CV-13207, 2007 WL 3203969 (E.D. Mich. Oct. 31, 2007) .................14

*Sentegra LLC v. ASUS Comput. Int'l*,
No. 16-3136, 2016 WL 7475612 (N.D. Cal. Dec. 29, 2016) ...........................10

*Simplex-Turmar, Inc. v. Roland Marine, Inc.*,
No. 96-cv-723E(M), 1997 WL 736541 (W.D.N.Y. Nov. 14, 1997)................12

*Simpson Performance Prods., Inc. v. Mastercraft Safety, Inc.*,
No. 5:16-cv-00155, 2017 WL 3620001 (W.D.N.C. Aug. 23, 2017)...................5

*Simpson Performance Prods., Inc. v. NecksGen, Inc.*,
No. 5:16-cv-00153, 2017 WL 3616764 (W.D.N.C. Aug. 23, 2017)......5, 8, 9, 10

*Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*,
2007 U.S. Dist. LEXIS 45703 (D.N.J. June 22, 2007)......................................13

*In re TC Heartland LLC*,
821 F.3d 1338 (Fed. Cir. 2016) ..........................................................................6

*Telebrands Corp. v. Martfive, LLC*,
No. 13-3374, 2013 WL 4675558 (D.N.J. Aug. 30, 2013)...............................2, 7

iii

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
    395 F.3d 1275 (Fed. Cir. 2005) ............................................................................6

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d (Fed. Cir. 1990) ...........................................................................*passim*

*Valspar Corp. v. PPG Industries, Inc.*,
    No. 16-cv-1429, 2017 WL 3382063 (D. Minn. Aug. 04, 2017) .......................13

*Vulcan Equip. Co. v. Century Wrecker Corp.*, 499 U.S. 962 (1991) .......................9

*Westech Aerosol Corp. v. 3M Co.*,
    No. 3:17-cv-05067, 2017 WL 2671297 (W.D.Wash. Jun. 21, 2017) ..............5, 6

## STATUTES

28 U.S.C. §§ 1391(b)-(c) and 1400(b) .......................................................................2

28 U.S.C. § 1400(b) ..............................................................................................1, 3, 6

28 U.S.C. § 1406  ...............................................................................................11, 12

iv

# I.    INTRODUCTION

WAG's opposition fails to address the threshold issue on which it bears the burden: whether venue is proper in New Jersey.  Indeed, WAG does not offer a shred of evidence or a single argument that either prong of § 1400(b) is met for any defendant.  Nor can it – as none of the Defendants "reside" or have a "regular and established place of business" in this district.

Lacking any argument that venue is proper, WAG boldly claims that *TC Heartland* did not constitute a change in the law of patent venue.  WAG would have this Court believe that Defendants waived a venue defense because they did not challenge venue—including *VE Holding* and nearly 30 years of binding precedent—when WAG instituted these actions in 2014 and 2015.  But last week, the District of New Jersey flatly rejected WAG's waiver argument, finding that an improper venue defense was not available prior to *TC Heartland*.  *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. 16-cv-3595 (D.N.J. Aug. 22, 2017) (Dkt. No. 105) (citing *Jewett v. IDT Corp.*, No. 04-1454, 2008 WL 508486, at *2 (D.N.J. Feb. 20, 2008)).[1]  Critically, the court found the non-waiver line of cases *more compelling* than those decisions which WAG now asks this Court to follow.  Quinn Reply Decl., Ex. A at ¶ 5.  The court further noted that its conclusion of non-waiver was guided by and

---

[1] For a copy of the Order, *see* Exhibit A to the Declaration of Justin T. Quinn ("Quinn Reply Decl.").

1

consistent with the Third Circuit's adoption of the intervening change in law exception. *Id.* at ¶ 6 (citing *Salvation Army v. Dep't of Cmty. Affairs of the State of N.J.*, 919 F.2d 183, 196 (3d Cir. 1990), *quoted in Bryant v. N.J. Dep't of Transp.*, 998 F. Supp. 438, 440 (D.N.J. 1998)).

The court's decision to join the non-waiver line of cases is the only logical conclusion, as the District of New Jersey consistently followed *VE Holding* prior to the Supreme Court's decision in *TC Heartland. See, e.g.*, *Reckitt Benckiser Pharm. Inc. v. Biodelivery Scis. Int'l, Inc.*, No. 14-5892, 2015 WL 4461511, at *3 (D.N.J. July 21, 2015); *Telebrands Corp. v. Martfive, LLC*, No. 13-3374, 2013 WL 4675558, at *4 (D.N.J. Aug. 30, 2013). Thus, any attempt by Defendants to challenge venue in 2014 would have been futile, or would have spawned cries by WAG for attorney's fees and sanctions for advancing a meritless position.

WAG's waiver argument also ignores its initial pleadings and venue averments. Because WAG could not demonstrate that any of the Defendants were incorporated in New Jersey or had a "regular and established place of business" therein, WAG's complaint necessarily cited to and relied upon § 1391(c)—and implicitly, *VE Holding*—in claiming that venue was proper in this district. *See, e.g.*, No. 14-02340, Dkt. No. 1 at ¶ 8 ("Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b)"). It is gamesmanship for WAG to now claim that *Fourco* remained good law and *VE Holding* could be disregarded. To be clear,

2

as this District has now recognized, *TC Heartland* constituted a "sea change" in the law, which was unanticipated by the parties and ultimately generated Defendants' improper venue defense.

## II.      ARGUMENT

## A.      WAG Concedes That Venue Is Improper in the District of New Jersey.

28 U.S.C. § 1400(b) provides two avenues for determining venue in patent infringement actions: (1) where the defendant "resides" (or is incorporated); and (2) where the defendant has committed acts of infringement *and* has a "regular and established place of business."  Significantly, WAG does not argue that venue is proper here.  WAG's silence is not surprising in light of *TC Heartland* and the declarations submitted by Defendants with the Joint Motion to Dismiss.  These declarations—*which are unrefuted by WAG*—demonstrate that neither prong of § 1400(b) is met.  Defendants are neither incorporated in New Jersey nor do they maintain a "regular and established place of business" here.  By failing to respond to this issue, WAG concedes that venue is improper in New Jersey.  *See Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd*, No. 2:12–cv–03375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013).

3

**B.**   **Defendants Did Not Waive an Improper Venue Defense.**

    **1.**   ***TC Heartland* Changed Patent Venue Law.**

The sole issue presented is whether *TC Heartland* constitutes an intervening change in the law, thereby excusing a defendant's waiver of improper venue.  This district has now weighed in on this issue rejecting the argument of waiver.  *Nitto Denko Corp.*, No. 16-cv-3595 (Quinn Reply Decl., Ex. A).  Notwithstanding, WAG points the Court to a number of non-binding decisions from other districts that have concluded that *TC Heartland* merely reaffirmed *Fourco* and did not constitute an intervening change in the law.  Opp. at fn.3 & §§ A-B.[2]  This Court should decline WAG's invitation to follow these non-binding decisions, which ignore the patent venue landscape in the decades before *TC Heartland* and contravene authority from this district

Indeed, an ever-growing number of courts are finding that defendants did not waive an improper venue defense because "*TC Heartland* undoubtedly changed the

---

[2] WAG contends that Defendants "fully ignored" 15 cases that go against them. Opp. at fn.3.  WAG's hyperbole is both unhelpful and false: Defendants were citing the *then-existing*, published and central post-*TC Heartland* cases to analyze waiver. *Id.* at § III.D.4.  In addition, most of WAG's cases are lock-step from the same court, the Eastern District of Texas, and a number of them appear to be unpublished as of the time WAG filed its response.  Lastly, several of the decisions were not adopted by the district court judge until *after* Defendants' filed the Joint Motion to Dismiss.

4

venue landscape" (hereinafter, the "non-waiver decisions").[3] *Ironburg Inventions Ltd. v. Valve Corp.*, No. 1:15-cv-4219, 2017 WL 3307657, at *3 (N.D.Ga. Aug. 3, 2017); *see also Simpson Performance Prods., Inc. v. NecksGen, Inc.*, No. 5:16-cv-00153, 2017 WL 3616764, at *5 (W.D.N.C. Aug. 23, 2017) (collecting cases); *Maxchief Investments Ltd. v. Plastic Development Group*, No. 3:16-cv-63, 2017 WL 3479504, at *3-4 (E.D. Tenn. Aug. 14, 2017).  Most recently, the District of New Jersey rejected the waiver argument, finding that an improper venue defense was not available when defendant filed its initial motion to dismiss which pre-dated *TC Heartland*.  Quinn Reply Decl., Ex. A at ¶¶ 5-6.  In allowing the defendant to file an amended motion to dismiss to include an improper venue defense pursuant to *TC Heartland*, Judge Cecchi found the non-waiver decisions (*e.g.*, *Westech Aerosol*) more compelling.  *Id.*

The non-waiver courts, and Judge Cecchi, correctly recognize that *TC Heartland* did constitute an intervening change in the law, as *VE Holding* was binding Federal Circuit precedent for nearly thirty years.  *See, e.g.*, Quinn Reply Decl., Ex. A at ¶ 5; *NecksGen*, 2017 WL 3616764, at *4-5; *Simpson Performance Prods., Inc. v. Mastercraft Safety, Inc.*, No. 5:16-cv-00155, 2017 WL 3620001, at

---

[3] Rather than addressing the analysis in any of these recent non-waiver decisions, WAG attempts to distinguish them solely on procedural posture—and quantity. Opp. at § C.  WAG's inability to address these cases head-on is telling.

5

*4-5 (W.D.N.C. Aug. 23, 2017); *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-00801, 2017 WL 3207233, at *2 (D. Nev. Jul. 27, 2017); *Cutsforth, Inc. v. LEMM Liquidating Co., LLC*, No. 12-cv-1200, 2017 WL 3381816, at *2-4 (D. Minn. Aug. 4, 2017); *OptoLum, Inc. v. Cree, Inc.*, No. 16-03828, 2017 WL 3130642, at *4 (D. Ariz. July 24, 2017); *Hand Held Prods., Inc. v. Code Corp*, No. 2:17-167, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017); *Westech Aerosol Corp. v. 3M Co.*, No. 3:17-cv-05067, 2017 WL 2671297, at *4 (W.D. Wash. June 21, 2017).

In *Fourco*, the Supreme Court interpreted the 1948 amendments made to § 1391 and the patent venue statute—*not the 1988 amendments*. *Compare* 353 U.S. 226-28, *with VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d, 1574, 1577-79 (Fed. Cir. 1990). On the other hand, in *VE Holding*, the Federal Circuit considered an issue of first impression—*i.e.*, whether the 1988 amendments to § 1391 impacted the meaning and scope of § 1400(b). This is a question the *Fourco* Court did not (and certainly could not) consider in 1957. The Federal Circuit ultimately concluded that the 1988 amendments to § 1391 applied to the patent venue statute. *Id.* at 1584. For nearly thirty years, *VE Holding*—not *Fourco*—was binding and controlled the scope of patent venue. *See, e.g.*, *In re TC Heartland LLC*, 821 F.3d 1338, 1341 (Fed. Cir. 2016) ("The arguments raised regarding venue have been *firmly resolved* by *VE Holding*, a settled precedent for over 25 years" (emphasis added)); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280

6

(Fed. Cir. 2005); *Reckitt*, 2015 WL 4461511 at *3 (D.N.J. July 21, 2015); *Telebrands*, 2013 WL 4675558, at *4.

While the *TC Heartland* Court ultimately disagreed with *VE Holding*'s interpretation of the 1988 amendments, it did not conclude that *VE Holding* was an "ultra vires" decision or that it had "improperly overruled" *Fourco*. Indeed, the "*TC Heartland* decision was the first indication that the Supreme Court had developed any misgivings about the Federal Circuit's decades-old, 'unsplittable' ruling that the 1998 amendment to § 1391 had abrogated *Fourco*." *FanDuel, Inc.*, 2017 WL 3207233, at *2. To hold otherwise, "would ignore the long-standing significance of the *VE Holding* decision and the reliance upon it for many years." *Maxchief*, 2017 WL 3479504, at *4; *Ironburg Inventions*, 2017 WL 3307657, at *2; *OptoLum, Inc.*, 2017 WL 3130642, at *4 ("[t]o suggest that . . . *TC Heartland* did not effect a change in the law . . . ignores the significant impact of *VE Holding* and the patent bar's reliance on the case for nearly three decades").

Defendants respectfully request that the Court follow the non-waiver decisions and find that *TC Heartland* is an intervening change in the law.

### 2. Before *TC Heartland*, An Improper Venue Defense Was Not Available to Defendants.

WAG argues that Defendants were required to assert improper venue based on *Fourco* in 2014, even if that meant pursuing an appeal to the Supreme Court.

This district has now rejected such argument.  And while this argument has certainly been advanced by the Eastern District of Texas (*Elbit Sys.*, 2017 WL 2651618, at *20), it is inconsistent with the "intervening change in the law" exception:

> While Plaintiff is technically correct, in that Defendant could have raised the issue of venue for purposes of preserving the issue for a writ of certiorari to the Supreme Court, *Plaintiff's argument overlooks how courts understand and interpret the word "available" within the context of Fed. R. Civ. P. 12(g) and the intervening law exception to the general rule of waiver. Put simply, to establish that an argument was unavailable, a defendant who failed to raise a defense earlier only needs to show the existence of binding or strong precedent foreclosing it from raising the belated argument earlier*, such that it was not unreasonable for defendant not to have raised the argument earlier.

*NecksGen*, 2017 WL 3616764, at *6 (emphasis added).  When properly understood, the intervening law exception applies when "there was strong precedent prior to the change . . . such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise it sooner."  *Id.* at *4 (W.D.N.C. Aug. 23, 2017) (quoting *Big River Minerals Corp.*, 181 F.3d at 605-06).

Here, the Federal Circuit's *VE Holding* precedent foreclosed any reasonable argument Defendants could have made in asserting an improper venue defense.  "Up until the day the Supreme Court issued its decision in *TC Heartland*, this Court would have been required to apply *VE Holding* to any venue challenge raised by Defendant and conclude that venue was proper in any district where Defendant was subject to personal jurisdiction."  *NecksGen*, 2017 WL 3616764, at *6 (citing *Trintec*

8

*Indus., Inc.*, 395 F.3d at 1280); *see also Ironburg Inventions*, 2017 WL 3307657, at *3 (prior to *TC Heartland*, "[i]f Valve had asserted such a defense, it would have been found to be totally without merit").

WAG does not identify a single district court case in the twenty-seven years between *VE Holding* and *TC Heartland* where a district court disregarded *VE Holding* and applied *Fourco* to conclude that venue was improper.  Opp. at §§ A, B. In fact, none of the recent district court cases favoring WAG's position identify a single district court case where *Fourco* was applied prior to the Supreme Court's decision in *TC Heartland*.  *See NecksGen*, 2017 WL 3616764, at *6.  The reason is clear—*VE Holding* was the controlling circuit precedent prior to the Supreme Court's decision in *TC Heartland*.  Indeed, the Supreme Court denied cert on <u>three</u> separate occasions prior to *TC Heartland*.  *Int'l Rectifier Corp. v. SGS-Thomson Microelecs., Inc.*, 513 U.S. 1044 (1994); *Vulcan Equip. Co. v. Century Wrecker Corp.*, 499 U.S. 962 (1991); *Johnson Gas Appliance Co. v. VE Holding Corp.*, 499 U.S. 922 (1991).  Simply put, the intervening change in law exception does not require a defendant to assert a defense before it is "available."  *See* Quinn Reply Decl., Ex. A at ¶ 5 (improper venue defense not available prior to *TC Heartland*).

### 3.    <u>Defendants Promptly Moved to Dismiss in View of *TC Heartland*</u>.

WAG suggests that Defendants waived an improper venue defense because they did not seek to dismiss as soon as "*certiorari* was granted in the *TC Heartland*

9

case on December 14, 2016." *See* Opp. at § B.  This argument blatantly ignores that courts continued to apply *VE Holding* while the *TC Heartland* case was pending in the Federal Circuit and the Supreme Court.  *See, e.g.*, *Sentegra LLC v. ASUS Comput. Int'l*, No. 16-3136, 2016 WL 7475612, at *7 (N.D. Cal. Dec. 29, 2016) ("Even if the *TC Heartland* decision . . . is ultimately reversed, the fact will remain that Sentegra's choice of venue was permitted under the prevailing law at the time that it was made); *Ford Glob. Techs., LLC v. New World Int'l Inc.*, No. 15-10394, 2017 WL 1967503, at *8 (E.D. Mich. Apr. 24, 2017) ("[T]he Supreme Court has granted certiorari in *TC Heartland*.  *But, as of this moment, the Federal Circuit's decision still controls.*" (emphasis added)).  An improper venue defense did not become viable until after the Supreme Court decided *TC Heartland*.  *See Hart v. Massanari*, 266 F.3d 1155, 1170-71 (9th Cir. 2001) (explaining that a court "may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court"); Quinn Reply Decl., Ex. A at ¶¶ 5-6.

The proper barometer of timeliness is whether defendants acted promptly to preserve an improper venue defense after the Supreme Court issued its decision in *TC Heartland*.  *Compare NecksGen*, 2017 WL 3616764, at *7 (defendant acted promptly to assert the improper venue defense by moving to dismiss within two weeks of the *TC Heartland* decision), *Maxchief*, 2017 WL 3479504, at *5 (did not unduly delay in "filing the instant motion as it was filed approximately one month

after *TC Heartland* was decided"), and *Ironburg Inventions*, 2017 WL 3307657, at

*3 (finding "no intentional delay on the part of Valve with regard to its Motion to

Transfer", which was filed a little over a month after *TC Heartland*), *with*

*EyeTalk365, LLC v. Skybell Technologies, Inc.*, No. 3:16-cv-00702, 2017 WL

3669548, at *1 (W.D.N.C. Aug. 24, 2017) (denying transfer where motion to dismiss

filed for more than 2 months after *TC Heartland* was decided). Here, Defendants

acted promptly to preserve their improper venue defense in the aftermath of *TC

Heartland*. On June 12, 2017, less than a month after the Supreme Court decided

*TC Heartland*, Defendants promptly sought leave to file the present motion. *See* No.

14-2340, Dkt. No. 144. WAG does not point to any binding law that would have

required Defendants to act sooner than they did.

### 4.   <u>WAG's Suggestion That These Cases Are "Too Far Along" Is Unavailing.</u>

Next, WAG argues that "the present cases are too far along" to allow a

dismissal or transfer, appearing to suggest that the Court has discretion not to apply

§ 1400(b) and § 1406. Opp. at § C. A district court has discretion to dismiss <u>or</u>

transfer, but it does not have discretion to ignore § 1406(a). Section 1406(a) uses

the mandatory language "shall dismiss . . .", requiring that a district court must either

dismiss or transfer a case filed in an improper venue. As the Federal Circuit has

explained, "[v]enue requirements *<u>exist for the benefit of defendants</u>*," not the

convenience or preference of plaintiff.  *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) (citing *VE Holding*, 917 F.2d at 1576) (emphasis added).

For instance, in *Cutsforth*, the district court transferred a case in view of *TC Heartland* notwithstanding that the case had been pending for five years (filed in 2012); the court had already held a technology tutorial and claim construction hearing in March 2017; and the parties argued cross-motions for summary judgment in May 2017.  2017 WL 3381816, at *1, 5.  Although a "transfer [would] lead to additional cost and delay", the court properly concluded that it was required to dismiss or transfer the case pursuant to Section 1406.  *Id.* (citing *Simplex-Turmar, Inc. v. Roland Marine, Inc.*, No. 96-cv-723E(M), 1997 WL 736541, at *3 (W.D.N.Y. Nov. 14, 1997) ("The plaintiff's convenience is not a relevant factor in determining whether venue is proper.")).  Indeed, in reaching its decision, the court held that "prejudice to the plaintiff is not a relevant consideration." *Cutsforth*, 2017 WL 3381816, at *15.  Similarly, WAG's claim of "unjust" prejudice is both irrelevant and wrong here.

*Cutsforth* is not an "outlier case."  Several courts have granted transfer in view of *TC Heartland* even where the parties had previously engaged in fact discovery and/or claim construction.  *See Maxchief*, 2017 WL 3479504, at *5 (where the parties had already exchanged *Markman* briefings, court found it more appropriate

to transfer the case under § 1406 "on balance of the equities and in the interests of justice"); *Valspar*, 2017 WL 3382063, at *5 (transferred after one year of discovery); *Ironburg Inventions*, 2017 WL 3307657, at *3 (transferred after 2 years of litigation and post-*Markman*).  The alleged inconvenience and cost to WAG is irrelevant to §§ 1400(b) and 1406.  *See Cutsforth*, 2017 WL 3381816, at *16.  In any event, WAG's argument that discovery will have to be repeated is unavailing: fact discovery taken to date may be used in the transferee court.  Likewise, the transferee court can continue the *Markman* proceedings as well.

As demonstrated above, and unrefuted by WAG, venue in this judicial district is improper.  The Court's only options are to dismiss or transfer the cases to the proper venues.

### 5.   The *TC Heartland* Decision Applies to the LLC Defendants.

WAG offers no express authority to support its arguments that "LLCs are not even covered by the *TC Heartland* Ruling."  Opp. at 16.[4]  WAG is wrong:  multiple courts have granted motions to dismiss or transfer filed by LLCs following *TC Heartland*.  While WAG references in a footnote *Maxchief*, (*id.* at 18, n.7), it

---

[4] WAG nitpicks that Defendants should not be permitted to respond to this argument. But Defendants may rebut any arguments made by WAG in opposition.  "The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted."  *Smithkline Beecham PLC v. Teva Pharm. U.S., Inc.*, Nos. 04-0215, 05-0536 (NLH)(JS), 2007 U.S. Dist. LEXIS 45703, at *3 (D.N.J. June 22, 2007).

concludes that *Maxchief*'s holding is "incorrect."  This is not surprising as *Maxchief* is directly on point and rejected the same argument WAG makes here:

> *Unincorporated associations, such as limited liability companies, are generally treated like corporations for purposes of venue*, whereby the 'residence' is the association's principle [sic] place of business.  *Roberts v. Paulin*, No. 07-CV-13207, 2007 U.S. Dist. LEXIS 80490, 2007 WL 3203969, at *2 (E.D. Mich. Oct. 31, 2007) (citing *Denver & Rio Grande*, 387 U.S. at 559)).  Now that the Supreme Court has reinforced that 'residence' for corporate defendants in a patent infringement case is limited to the state of incorporation, Maxchief is hard-pressed to present a reason why unincorporated associations should be treated differently. *Indeed, the language of § 1400(b) refers to a 'defendant' and is not limited only to corporate defendants*.  Moreover, inasmuch as TC Heartland appears to reject the broader personal jurisdiction basis for residence of corporate defendants in patent cases, it seems contrary to allow such a basis for unincorporated entities.  Accordingly, the Court agrees, in light of TC Heartland, that venue is not proper in this district per 28 U.S.C. § 1400(b).

*Maxchief*, 2017 WL 3479504, at *2 (emphasis added).

Unable to distinguish *Maxchief*, WAG simply states that the decision is "incorrect in equating 'residence' with principal place of business."  Opp. at 18, n.7.  But in making this blanket assertion, WAG fails to address the *Roberts* decision, and the Supreme Court's decision in *Denver* cited in *Maxchief*—both of which refute WAG's claim.[5]  WAG also ignores other district court decisions granting dismissal

---

[5]  These cases support the premise that other entities are generally treated like corporations for purposes of venue, whereby the "residence" is the association's principal place of business. *See Roberts v. Paulin*, No. 07-CV-13207, 2007 U.S. Dist. LEXIS 80490, at *6 (E.D. Mich. Oct. 31, 2007) (treating unincorporated entities as corporations for venue purposes); *Denver & R. G. W. R. Co. v. Bhd. of*

14

or transfer in favor of LLCs post-*TC Heartland*.  *See, e.g., Cutsforth*, 2017 WL 3381816, at *2-4.  And of the cases it cites, WAG can point to no decision rejecting dismissal or transfer based on the argument that "LLCs are not covered by the *TC Heartland* ruling."

Lastly, WAG argues that "[the] principal place of business of an LLC can often be ambiguous."  Opp. at 17.  But WAG's Opposition does not refute any of the facts set forth in Defendants' Declarations—each of which identifies Defendants' respective principal places of business.  There are no ambiguities here—only unrefuted facts.[6]

### III.   CONCLUSION

For the reasons set forth in the Joint Motion to Dismiss and this reply memorandum, Defendants respectfully request that these cases be dismissed, or in the alternative, transferred to their proper venues.

---

*R.R. Trainmen*, 387 U.S. 556, 559 (1967) (treating labor union like corporate defendant for purposes of venue). *See also DUSA Pharm., Inc. v. River's Edge Pharm., LLC*, No. 06-1843 (SRC), 2006 U.S. Dist. LEXIS 29852, at *5 n.1 (D.N.J. May 15, 2006); *Pipett v. Waterford Development, LLC*, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001).

[6] WAG has further failed to provide any rebuttal to the argument that considerations of convenience and justice favor transfer of the claims against the foreign entity – Duodecad Luxembourg – to the Central District of California.  Accordingly, transfer of related U.S. entity Docler Media should result in transfer of Duodecad Luxembourg.

15

Dated:  August 29, 2017          Respectfully submitted,

s/ Justin T. Quinn
Justin T. Quinn
**ROBINSON MILLER LLC**
One Newark Center
Newark, NJ 07102
Telephone No.: (973) 690-5400
Facsimile No.: (973) 466-2760
KMiller@rwmlegal.com
JQuinn@rwmlegal.com

*Attorneys for Defendants FriendFinder Networks Inc., Streamray Inc., Multi Media, LLC, WMM, LLC and WMM Holdings, LLC, WebPower, Accretive Technology Group, Inc., ICF Technology Group, Inc., Riser Apps, LLC, Duodecad IT Services Luxembourg S.à r.l. and Docler Media LLC*

16

Frank M. Gasparo (*Pro Hac Vice*)
Ralph A. Dengler (*Pro Hac Vice*)
Todd M. Nosher
Andrew P. MacArthur
Gianna E. Cricco-Lizza
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com
GECricco-Lizza@Venable.com

*Attorneys for Defendants FriendFinder Networks Inc., Streamray Inc., Multi Media, LLC, WMM, LLC, WMM Holdings, LLC, and WebPower Inc.*

17

Brian G. Bodine (*Pro Hac Vice*)
Steven B. Winters (*Pro Hac Vice*)
Jennifer K. Sheffield (*Pro Hac Vice*)
Adriane M. Scola (*Pro Hac Vice*)
LANE POWELL PC
1420 Fifth Ave., Suite 4200
Seattle, WA 98111-9402
Telephone: (206) 223-7000
bodineb@lanepowell.com
winterss@lanepowell.com
sheffieldj@lanepowell.com
scolaa@lanepowell.com


*Attorneys for Defendants Accretive Technology
Group, Inc., ICF Technology, Inc., Riser Apps
LLC, and Vubeology, Inc.*



Kevin O'Brien (*Pro Hac Vice*)
Richard V. Wells (*Pro Hac Vice*)
**BAKER & McKENZIE, LLP**
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
Telephone No.:  (202) 835-6143
Facsimile No.:  (202) 416-7143
Kevin.O'Brien@bakermckenzie.com
Richard.Wells@bakermckenzie.com

*Attorneys for Defendants Duodecad IT Services
Luxembourg S.à r.l. and Docler Media LLC*


18