UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>Multi Media, L.L.C., *et al.*,<br><br>    Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH)<br><br>**FINDINGS OF FACT<br>CONCLUSIONS OF LAW & ORDER** |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>Data Conversions, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>Flying Crocodile, Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>FriendFinder Networks Inc., *et al.*,<br><br>    Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vubeology, Inc., *et al.*, <br><br> Defendants. | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> WebPower, Inc., *et al.*, <br><br> Defendants. | Civil Action No. 2:15-cv-03581 (ES)(MAH) |

**THIS MATTER** having been opened to the Court upon the motion of Plaintiff, by and through its attorneys Lewis Baach Kaufmann Middlemiss PLLC, seeking an order sealing the following documents (collectively, "Documents to be Sealed"):

- Defendants' November 22, 2017 Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or Alternatively, to Dismiss for Improper Venue, or to Transfer;

- Exhibits 11-14, 16-18, 20-24, and 26 attached to the November 22, 2017 Declaration of Justin T. Quinn in Support of Defendants' Joint Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or Alternatively, to Dismiss for Improper Venue, or to Transfer;

- WAG's December 19, 2017 Brief in Opposition to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or Alternatively, to Dismiss for

Improper Venue, or to Transfer; and

- Defendants' December 26, 2017 Reply Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or Alternatively, to Dismiss for Improper Venue, or to Transfer;

and the Court having considered Plaintiff's motion, ~~the Court makes the following~~ and there being no opposition, findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c)(6):

### FINDINGS OF FACT

1. On March 28, 2016, the Court entered the parties' Discovery Confidentiality Order. Dkt. No. 97 in 14-cv-02340. The Discovery Confidentiality Order permits a party producing and filing documents in this action to designate materials as "Attorneys' Eyes Only" and/or "Confidential."

2. Under the Discovery Confidentiality Order, "Attorneys' Eyes Only" material includes: "any Discovery material that contains trade secrets or other highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* ¶ 2.

3. Under the Discovery Confidentiality Order, "Confidential" material is material "(a) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains any private or confidential personal information, or (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3." *Id.* ¶ 1.

4. On November 22, 2017, Defendants filed a Joint Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or Alternatively, to Dismiss for Improper Venue, or to Transfer,

with the accompanying Memorandum of Law and Exhibits with the Court. On December 19, 2017 WAG filed an Opposition to that motion. On December 26, 2017, Defendants filed a Reply to WAG's Opposition.

5. The Court finds that the Documents to be Sealed that Plaintiff seeks to have sealed appear to reference Plaintiff WAG Acquisition, L.L.C.'s ("WAG") "Attorneys' Eyes Only" and "Confidential" information pursuant to the terms of the parties' Discovery Confidentiality Order.

6. The Court further finds that the information that is the subject of the instant motion to seal includes highly sensitive business information and competitively sensitive confidential business information of WAG that is not known to the general public.

7. The Court further finds that the parties appear to have gone to great lengths to safeguard and protect the confidentiality of this information.

8. The Court further finds a clearly defined and serious injury to WAG will result if this information is not permitted to be filed under seal. Indeed, revealing this information to the public would injure WAG's business interests. As a result, the public disclosure of these documents would serve no legitimate purpose, nor would it aid in promoting fairness or efficiency among the Parties to this action.

9. The Court further finds that WAG has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

10. The Court further finds that a less restrictive alternative to the relief sought herein is not available.

11. For these reasons, good cause exists for protecting WAG's highly confidential business information.

## CONCLUSIONS OF LAW

12. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret, or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G).

13. "[T]he inclusion of . . . confidential information in documents warrants the sealing of such documents. [Thus, a] well-settled exception to the [public's] right of access [to information] is 'the protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm.'" *Bed Bath & Beyond Inc. v. Sears Brands, LLC*, No. 08-5839, 2011 U.S. Dist. LEXIS 145955, at *9 (D.N.J. Dec. 20, 2011) (quoting *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 654 (D.N.J. 2004)). For that reason, "the presence of . . . confidential information weighs against public access and . . . documents containing such information may be protected from disclosure." *Id.*

14. The Documents to be Sealed contain WAG's highly confidential business information and competitively sensitive confidential business information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

15. Accordingly, the Court finds that good cause exists to seal the Documents to be Sealed under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c).

For the reasons set forth above, as well as good cause shown:

IT IS, on this 27th day of February, 2018

**ORDERED** that Plaintiff has complied with the strictures of Local Civil Rule 5.3(c) and 7.1; and it is further

**ORDERED** that Plaintiff's Motion to Seal is hereby granted.

**SO ORDERED**.

_____
Hon. Michael A. Hammer, U.S.M.J.