Justin T. Quinn
ROBINSON MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
973-690-5400
jquinn@rwmlegal.com

*CONTAINS ATTORNEYS' EYES
ONLY INFORMATION
DESIGNATED BY PLAINTIFF
UNDER THE PROTECTIVE ORDER*

**FILED UNDER SEAL**

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02340 (ES)(MAH) |
| v. | |
| Multi Media, L.L.C., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| v. | |
| Data Conversions, Inc., *et al*., | |
| Defendants. | |

| | |
|---|---|
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| v. | |
| Flying Crocodile, Inc., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-02832 (ES) (MAH) |
| v. | |
| Gattyán Group S.à r.l., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| v. | |
| FriendFinder Networks Inc., *et al*., | |
| Defendants. | |

| | |
|---|---|
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No.2:14-cv-04531 |
| | (ES)(MAH) |
| v. | |
| Vubeology, Inc., *et al.*, | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No.2:15-cv-03581 |
| | (ES)(MAH) |
| v. | |
| WebPower, Inc., d/b/a WP Associates | |
| *et al.*, | |
| Defendants. | |

**DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION
DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION**

# Table of Contents

I.      INTRODUCTION ....................................................................................1

II.     RELEVANT FACTUAL BACKGROUND......................................................2

III.    ARGUMENT........................................................................................3

    A.    Legal Standard ............................................................................3

    B.    ███████████████████████████ .............5

       1.   ████████████████████████ .....5

       2.   █████████████████ .........................6

       3.   ████████████████████████████████8

           ████ .................................................8

       4.   ████████████ ........................10

    C.    █████████████████ ...................12

       1.   ███████████████ ....................12

       2.   ██ ████ ████ ███ █ ████ ██ ████ █

           ███ ..................................................13

    D.    ████████ ...........................................14

       1.   █████████ ................................14

       2.   The Threat of Multiple Lawsuits Exists ........................15

    E.    ████████████████████████████████

           █████████████████████ ...................16

IV.     CONCLUSION ...................................................................................18

# Table of Authorities

**Page(s)**

**Cases**

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
  604 F.3d 1354 (Fed. Cir. 2010) ................................................................*passim*

*Alps S., LLC v. Ohio Willow Wood Co.*,
  787 F.3d 1379 (Fed. Cir. 2015) .........................................................................3

*Int'l Gameco, Inc. v. Multimedia Games, Inc.*,
  504 F.3d 1273 (Fed. Cir. 2007) .............................................................3, 4, 17

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
  248 F.3d 1333 (Fed. Cir. 2001) ....................................................................4, 16

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) .............................................................*passim*

*Propat Int'l Corp. v. Rpost, Inc.*,
  473 F.3d 1187, 1192 (Fed. Cir. 2007) .......................................................*passim*

*Rd. Sci., L.L.C. v. Cont'l W. Transp. Co.*,
  2009 U.S. Dist. LEXIS 122262 (E.D. Cal. Dec. 14, 2009) ...............................17

*Sicom Sys. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ..................................................................*passim*

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000) .............................................................9, 13, 14

*Textile Prods., Inc. v. Mead Corp.*,
  134 F.3d 1481 (Fed. Cir. 1998) .........................................................................12

*Trendx Enters. v. All-Luminum Prods.*,
  856 F. Supp. 2d 661 (D.N.J. Apr. 18, 2012)....................................................4, 17

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
  944 F.2d 870 (Fed. Cir. 1991) ............................................................................4

ii

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)...............................................................................................1

Defendants respectfully submit these objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michael Hammer.  Specifically, Defendants object to the recommendation that the Court deny Defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## I.   INTRODUCTION

WAG initiated its patent assertion campaign in 2014 (the "Litigations"), three years before WAG begrudgingly produced information demonstrating that it alone does not have standing to bring these actions against Defendants.  WAG's standing defect arises out of its contractual arrangements with Woodsford Litigation Funding (US) Limited ("WLF") to finance WAG's Litigations, which include the above-captioned cases.  On October 22, 2018, Judge Hammer recommended that this Court deny Defendants' motion to dismiss for lack of subject matter jurisdiction.  *See* Dkt. 175 in 14-cv-2340 ("R&R").  The R&R notes that "[t]his matter is distinguishable from much of the caselaw on which the parties rely.  Most of those cases involved licensing agreements . . . ."  R&R at 13.  But the form of the contract by which substantial patent rights are transferred is not the operative point.  Rather, the operative point is what rights were transferred.

Defendants respectfully object to the R&R, which runs contrary to the analogous case law involving licenses, and discounts the substantial rights that WAG

surrendered to WLF in exchange for funding to bring these Litigations.  Defendants assert that WAG lacks standing to bring the Litigations—at the very least without joining WLF.  For the reasons stated below, Defendants respectfully request that this Court sustain Defendants' objection and grant their motion to dismiss for lack of subject matter jurisdiction.

## II.   RELEVANT FACTUAL BACKGROUND

As detailed in Defendants' Memorandum of Law in Support of its Motion to Dismiss, *see* Dkt. 163 in 14-cv-2340, WAG sought to hide all evidence of its litigation funding agreements.   WAG failed to disclose WLF in its Initial Disclosures, failed to produce any discovery identifying WLF, and resisted discovery efforts that could be used to identify WLF.  WAG has never joined or named WLF as a party to the Litigations, even though WLF shares substantial rights in the patents-in-suit, such that WAG alone does not have standing.

The R&R notes the following rights that WLF has under its agreements with WAG:  (1) ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

2



## III.   ARGUMENT

### A. Legal Standard

Standing to sue is a threshold requirement that must be present at the time the suit is brought.  *Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005).  A plaintiff must have both constitutional and prudential standing.  *See Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015); *Int'l Gameco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007).

In patent cases, courts analyze what rights are held by a plaintiff to determine whether a plaintiff has the requisite standing.  *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360-61 (Fed. Cir. 2010).  Patent rights may be transferred by licenses, assignments, or other contracts—including litigation funding agreements.  Regardless of the instrument by which patent rights are

transferred, the underlying premise does not change: a party must hold the substantial rights to maintain standing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1332 (Fed. Cir. 2007); *see also Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). To make this determination, the court should focus on the intention of the parties to the agreement and the substance of what was granted. *See Sicom*, 427 F.3d at 979. Substantial rights include, among others, the right to bring suit for patent infringement, the right to receive a portion of the recovery, the right to license the patents, and the right to settle the infringement suits. *Alfred Mann*, 604 F.3d at 1360; *Morrow*, 499 F.3d at 1342.

When analyzing prudential standing, courts recognize three general categories of plaintiffs: "[1] those that can sue in their own name alone; [2] those that can sue as long as the patent owner is joined in the suit; and [3] those that cannot even participate as a party to an infringement suit." *Morrow*, 499 F.3d at 1339. A plaintiff in this second category, such as WAG, lacks prudential standing and cannot sue for infringement in its own name. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001). To cure prudential standing, the absent party with substantial rights, such as WLF, must be joined before the lawsuit is filed. *Int'l Gameco*, 504 F.3d at 1278; *Trendx Enters. v. All-Luminum Prods.*, 856 F. Supp. 2d 661, 672 (D.N.J. Apr. 18, 2012).

4

**B.** ████████████████████████████████████████████

    **1.** ███████████████████████████████████████████
████████████

The Federal Circuit has noted that a "paramount consideration" to determine whether a party has substantial rights in a patent is whether a party has the right to bring litigation to enforce the patent.  R&R at 13; *see also Alfred Mann*, 604 F.3d at 1361.  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████.  *See Morrow*, 499 F.3d at 1391 (discounting the significance of the plaintiff's ability to sue because of the limitations imposed by a non-party).  ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████

    ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████  ████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

The R&R cites *Alfred Mann* to support the analysis that WAG has substantial rights, in part, ██████████████████████████████ R&R at 17-18.  But that case addressed whether "the patent owner transferred away sufficient rights to divest it of any right to sue."  *Id.* at 17.  This case is distinguishable from the *Alfred Mann* case where AMF demonstrated the ability to bring and settle lawsuits independently of a third-party licensee, *Alfred Mann*, 604 F.3d at 1362, █████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████  The R&R's reliance on *Alfred Mann* is misplaced, and this factor does not demonstrate that WAG retains substantial rights in the patents-at-issue.

2. ████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████.  In the analogous *Sicom* decision, the court found that the plaintiff failed to show it has substantial rights under the patent-at-issue, in part, because "Sicom does not have the right to settle litigation *without the prior written consent from Canada*."  *Sicom*, 427 F.3d at 979 (emphasis added); *see also Morrow*, 499 F.3d at 1341-42.

███████████████████████████████████████████████████

███████████████████████████████████████████████ For

example, in *Alfred Mann*, the Federal Circuit found that AMF had a "broad right" to

control the litigation because it could, in part, *solely* determine the terms on which

the litigation would be settled.  604 F.3d at 1362.  That is not the case here. ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████ ████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████

          █████████████████████████████████████████████

████████████████████████████████ ██████████████ █

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

7



*See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1192 (Fed. Cir. 2007) (concluding that plaintiff did not have substantial rights because it must obtain consent to litigation decisions from patentee).

**3.** ████████████████████████████████

████████████

████████████████████████████████████

████████████████████████████████ [1] The Federal Circuit has held that the right to sue is less important, and can be rendered illusory, if another party is able to settle the litigation without involvement of the plaintiff. *See*

---

[1] ████████████████████████████████

*Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (holding that right to sue was "illusory" because licensee held right to sublicense); *see also Alfred Mann*, 604 F.3d at 1361. ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███ ████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████ The Federal Circuit in *Morrow*, however, rejected potential future beneficiary ownership interests as sufficient to establish that a party (GUCLT) had substantial rights to establish standing. *Morrow*, 499 F.3d at 1343. Here, unlike in *Morrow*, ████████

███████████████████████████████████ ███████████

---

[2] In fact, *Morrow* supports Defendants' position that WAG lacks substantial rights. In *Morrow*, the court held that GUCLT lacked standing because GUCLT lacked substantial rights in the patent even though it maintained the right to initiate litigation. *Morrow*, 499 F.3d at 1342. ███████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████  In *Alfred Mann*, the court found that AMF had substantial rights and standing to sue because AMF could decide what claims to assert, what damages to seek, whether to seek injunctive relief, whether to settle the litigation, and on what terms the litigation would be settled.  *Alfred Mann*, 604 F.3d at 1362.  ████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

**4.** ████████████████████████████████████

████████████████████████████████████████████████

R&R at 13.  The fact that a party receives a substantial share of the proceeds from licensing or litigation over a patent is consistent with ownership rights in the patent. *See Propat*, 473 F.3d at 1191.  In *Propat*, the patentee was entitled to fifty percent of the proceeds of litigation.  *Id.* at 1192.  ████████████████████████

---

Similar to GUCLT in *Morrow*,████████████████████████████████████████
████████████████████████████.  *Id.* at 1344.

10



.[4]  In *Propat*, the Federal Circuit found that the patentee

retained an equity interest in the proceeds of licensing and litigation activities, a right

to notice of licensing and litigation decisions, a right to veto those decisions if not

unreasonable, and an unrestricted ability to bar the licensee from transferring interest

in the patent to a third-party.  *Propat*, 473 F.3d at 1191.  The court then found that

"in no case" has it held that a party who retains such "broad and wide-ranging

_____

[3] The financial details of the agreements between WAG and WLF are redacted so it
is impossible for Defendants to fully address this issue.

[4]

powers" with respect to a patent does not have substantial rights in the patent.  *Id.*



**C.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

   **1.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮.  On multiple occasions, the Federal Circuit has underscored the importance of the ability to license to third parties in its constitutional standing analysis.  *See Morrow*, 499 F.3d at 1342 (stating that the right to license third parties is an important patent right); *see also Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998).

In *Propat*, the Federal Circuit found that the patentee's right to veto licensing and litigation decisions "constitutes a significant restriction on [the plaintiff's] interest in the patent."  *Propat*, 473 F.3d at 1191.  This right was subject to the same reasonableness standard that WLF is subject to here.  Yet the court still found that this veto power demonstrated substantial ongoing control that is typically associated with ownership interest in the patent.  *Id.* ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12

██████████████████████████████████████████████████████

████████████████████

██████████████████████████████████████████████

████████████████████.  In *Speedplay*, the Federal Circuit found that the patentee's inability to unreasonably withhold its consent to a license did not significantly curtail the plaintiff's rights.  *Speedplay*, 211 F.3d at 1251-52.  The court made this finding, however, only after determining that the patentee's only reasonable basis would be the impairment of their consideration for entering into the agreement.  *Id.*  No such finding has been made in this case.  ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ the R&R's reliance on *Speedplay* is misplaced.  R&R at 15-17.

   **2.** ██████████████████████████████████████████████
      ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████  ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████

In *Propat*, the Federal Circuit found that a restriction on the ability to transfer rights under an agreement is "particularly significant." *Propat*, 473 F.3d at 1191. The court reasoned that the right to dispose of an asset is an important incident of ownership and that such a restriction is a "strong indicator" that the agreement did not grant the plaintiff all substantial rights in the patent. *Id.* In *Propat*, the patentee had the right to veto, even arbitrarily, the plaintiff's rights under the agreement. *Id.*

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████   ████████████████████████

████████████████████████████████████████████████████

████████████████   *Id.*; *see also Sicom*, 427 F.3d at 979 (referring to the plaintiff's inability to transfer rights under the agreement as fatal to its argument that all substantial rights had been transferred).

**D.** ███████████████████████████

     **1.** ███████████████████████████

          ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████. In *Propat*, the court found that the patentee's ability to terminate the agreement if certain benchmarks were not met by

the plaintiff was an indication that the patentee retained significant rights in the patent. *Propat*, 473 F.3d at 1191-92. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

### 2. The Threat of Multiple Lawsuits Exists

The R&R also discounts the possibility that there could be multiple lawsuits for the same infringement or inconsistent liability concerning the patents-at-issue. R&R at 24.  The R&R reasons ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██ ██ ██ ███ █ ██ ███ ██ ███ ███ ██ █ ███

████████████████ ███████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████

**E.** ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Defendants do not dispute that WAG holds legal title to the patents ████████████

███████████████████████████████████████████████████ WAG's retention

of these rights, however, is not dispositive. ████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████. In *Intellectual Prop. Dev.*, the Federal Circuit found that IPD did

not have substantial rights in the patent-at-issue even though it retained the right to

make, use, or sell the claimed invention. *Intellectual Prop. Dev.*, 248 F.3d at 1344.

Because "every other pertinent factor weigh[ed] in favor" of finding that CPL

contained substantial rights in the patent, IPD was found to lack standing on its own.

*Id.* The same is true here.

In *Alfred Mann*, the Federal Circuit considered a list of rights to determine

whether all substantial rights in the patent had been transferred. *Alfred Mann*, 604

F.3d at 1360-61; R&R at 14. The table below sets out what party in this action

retains each such right:

| Rights | Party that Retains the Right |
|--------|------------------------------|
| ███████████████ | ████ |
| ██████████████████████ | █████████ |
| ██████████████████████ | ███████████████ |
| ████████████████ | ████ |
| █████ | |
| ██████████████████████ | ████████████████ |
| ███ | |
| █████████████ | ████ |
| ███████████████ | ██████████ |
| █████████████ | |
| ████████████████ | ████ |
| █████████ | |
| ██████████████████████ | ███████████████ |
| ████████████ | |

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████ which

compels the conclusion that WAG, by itself, lacks standing in these Litigations—

WLF must be joined.[5]

---

[5] As Defendants stated in their briefing supporting their motions to dismiss, Federal Circuit precedent is clear that dismissal is required because even under the tenets of prudential standing, WLF must have been joined with WAG "before initiating suit." *Int'l Gameco*, 504 F.3d at 1278; *Trendx Enters.*, 856 F. Supp. 2d at 672; *Rd. Sci., L.L.C. v. Cont'l W. Transp. Co.*, 2009 U.S. Dist. LEXIS 122262, at *11 (E.D. Cal. Dec. 14, 2009).

## IV.   CONCLUSION

For the foregoing reasons, and those set forth in Defendants' original moving papers, Defendants respectfully object to the R&R and request that this Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction.

Dated:  November 6, 2018                    Respectfully submitted,


                                                     s/ Justin T. Quinn
                                                     Justin T. Quinn
                                                     **ROBINSON MILLER LLC**
                                                     One Newark Center
                                                     Newark, NJ 07102
                                                     Telephone No.: (973) 690-5400
                                                     Facsimile No.: (973) 466-2760
                                                     JQuinn@rwmlegal.com

                                                     *Attorneys for Defendants FriendFinder Networks Inc., Streamray Inc., Multi Media, LLC, WMM, LLC and WMM Holdings, LLC, WebPower, Accretive Technology Group, Inc., ICF Technology Group, Inc., Riser Apps, LLC, Duodecad IT Services Luxembourg S.à r.l. and Docler Media LLC*

Frank M. Gasparo (*Pro Hac Vice*)
Ralph A. Dengler (*Pro Hac Vice*)
Todd M. Nosher
Andrew P. MacArthur
Gianna E. Cricco-Lizza
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com
GECricco-Lizza@Venable.com

*Attorneys for Defendants FriendFinder
Networks Inc., Streamray Inc., Multi Media,
LLC, WMM, LLC,WMM Holdings, LLC,
and WebPower Inc.*

Brian G. Bodine (*Pro Hac Vice*)
Steven B. Winters (*Pro Hac Vice*)
**LANE POWELL PC**
1420 Fifth Ave., Suite 4200
Seattle, WA 98111-9402
Telephone: (206) 223-7000
bodineb@lanepowell.com
winterss@lanepowell.com
sheffieldj@lanepowell.com
scolaa@lanepowell.com

*Attorneys for Defendants Accretive
Technology Group, Inc., ICF Technology,
Inc., Riser Apps LLC, and Vubeology, Inc.*

19

Kevin O'Brien (*Pro Hac Vice*)
Richard V. Wells (*Pro Hac Vice*)
**BAKER & McKENZIE, LLP**
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
Telephone No.:  (202) 835-6143
Facsimile No.:  (202) 416-7143
Kevin.O'Brien@bakermckenzie.com
Richard.Wells@bakermckenzie.com

*Attorneys for Defendants Duodecad IT
Services
Luxembourg S.à r.l. and Docler Media LLC*