## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Multi Media, L.L.C., *et al*., <br><br> Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) <br><br> ***CONTAINS INFORMATION DESIGNATED AS ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER*** <br><br> **<u>FILED UNDER SEAL</u>** |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Data Conversions, Inc., *et al*. <br><br> Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Flying Crocodile, Inc., *et al*., <br><br> Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| v. | |
| FriendFinder Networks Inc., *et al*., | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| v. | |
| Vubeology, Inc., *et al.*, | |
| Defendants. | |
| WAG Acquisition, L.L.C., | |
| Plaintiff, | Civil Action No. 2:15-cv-3581 (ES)(MAH) |
| v. | |
| WEBPOWER, Inc. d/b/a WP Associates, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ............................................................1

LEGAL ARGUMENT........................................................................4

1.  THE STANDARD OF REVIEW PERMITS THE DISTRICT COURT
    JUDGE TO CONSIDER THE R&R AND THE COURT SHOULD DO
    SO HERE...................................................................................4

2.  WAG HAS STANDING TO SUE .....................................................5

    A. Legal Standard .....................................................................5

    B.  Magistrate Hammer Correctly Determined that WAG Has the Sole
        Right to Initiate Litigation ......................................................6

    C.  WAG's Assertion of its Patent Rights Poses No Risk of Multiple
        Liability...............................................................................7

    D.  Defendants Fail Even to Allege Any Unrepresented Interest that
        Should Deter the Court from Adjudicating this Case......................7

    E.  Magistrate Hammer Correctly Determined that **Redacted**
        **Redacted** Does Not Deprive WAG of Substantial Rights
        to Confer Standing ................................................................8

    F.  Magistrate Hammer Correctly Determined that **Redacted**
        **Redacted** Do Not Deprive WAG of the Substantial Rights that Confer
        Standing .............................................................................10

    G.  Magistrate Hammer Correctly Determined that WLF's Security
        Interest in the Property Does Not Confer WLF Substantial Rights to
        the Patents ..........................................................................11

H. Magistrate Hammer Correctly Concluded that **Redacted** Do Not Confer Substantial Rights on WLF ..................................................................................12

I. Magistrate Hammer Correctly Concluded that WLF Does Not Own the Patents..................................................................................14

J. WAG's Rights Are Substantial and Sufficient to Give It Standing .............15

CONCLUSION ......................................................................................17

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.,*
  604 F.3d 1354 (Fed. Cir. 2010) ............................................................ 6, 15, 16

*Anamdi v. Kean U.,*
  No. CIV.A. 15-2887 JLL, 2015 WL 5138648 (D.N.J. Aug. 31, 2015) ..............13

*Buckley v. Valeo,*
  424 US 1 (1976)..........................................................................................6

*City Bank & Trust Co. v. Otto Fabric, Inc.,*
  83 B.R. 780 (D. Kan. 1988)..................................................................... 11, 14

*Eidos Display, LLC v. AU Optronics Corp.,*
  Civ. No. 11-201, 2016 WL 6680578 (E.D. Tex. Nov. 14, 2016)................. 11, 14

*In re Google Litig.,*
  No. CV-08-03172 RMW, 2010 WL 5211545 (N.D. Cal. Dec. 16, 2010) ...........9

*Int'l Gamco, Inc. v. Multimedia Games, Inc.,*
  504 F.3d 1273 (Fed. Cir. 2007) ...........................................................7

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992)....................................................................3, 5

*Morrow v. Microsoft Corp.,*
  499 F.3d 1332 (Fed. Cir. 2007) .......................................................5, 14

*Speedplay, Inc. v. Bishop,*
  211 F.3d 1245 (Fed. Cir. 2000) .................................................... 10, 12

*United States v. Lightman,*
  988 F. Supp. 448 (D.N.J. 1997) ...........................................................4

*United States v. Raddatz,*
  447 U.S. 667 (1980)...........................................................................4

## STATUTORY AUTHORITIES

28 U.S.C. § 636(b)(1)(A)..................................................................4

## RULES AND REGULATIONS

Fed. R. Civ. P. 72 ...........................................................................4

L.R. 72.1(c)(2) ............................................................................4, 5

Plaintiff WAG Acquisition, L.L.C. ("WAG") respectfully submits its response to the Objections that Defendants (D.E. 176) (the "Objections") submitted with regard to the October 23, 2018 Report and Recommendation issued by Magistrate Hammer (D.E. 175) ("R&R").[1]

Defendants' sole objection is to Magistrate Hammer's recommendation that the Court deny Defendants' motion to dismiss for lack of subject matter jurisdiction (standing). WAG does not object to Magistrate Hammer's recommendation to grant Defendants' motion to transfer venue.[2]

Magistrate Hammer's well-reasoned recommendations should be adopted in their entirety and the Objections should be overruled.

## PRELIMINARY STATEMENT

In arguing in support of the Objections, Defendants merely rehash a winnowed set of arguments that Defendants initially made to Magistrate Hammer. Those arguments are no more persuasive now than when Defendants first made them, and seem to have been filed merely to gain an easy extension of the stay that

---

[1] Unless otherwise noted, citations to the docket are to the lead case, *WAG Acquisition, L.L.C. v. Multi Media, L.L.C.* (Civil Action 14-cv-2340 (ES)(MAG)).

[2] The Defendants in the related case WAG Acquisition, L.L.C. v. Gattyán Group S.à.r.l. (Civil Action 14-cv-2832 (ES)(MAH)) also objected to Magistrate Hammer's recommendation to dismiss Defendant Docler Media, LLC without prejudice and deny Defendant's Duodecad IT Services Luxembourg S.a.r.l. motion to transfer venue. WAG is submitting a separate response to those defendants' objections.

1

has been in place since September 12, 2017 (D.E. 159), thereby preventing WAG in the interim from moving forward in transferee venues.

Defendants initially moved below on dual grounds of both constitutional and prudential standing but now, in the Objections, rely only on an alleged lack of prudential standing.

Defendants' original attack based on constitutional standing was frivolous from the start, insofar as WAG's pleadings reflected a clear injury-in-fact resulting from infringement of the patents held in its name, by reason of WAG's possession of the sole and exclusive rights to practice the patents and institute their enforcement. Indeed, as Magistrate Hammer found, "[u]nder the agreements between the parties, WAG retained all exclusionary and substantial rights in the patents such that WAG possesses constitutional standing to bring this action." (R&R, at 23.)

In the Objections, Defendants do not even raise the issue of injury-in-fact, which is central to constitutional standing. Though they cite in passing the fact that constitutional standing is a requisite for standing (Objections, at 3), they do not discernibly argue that WAG actually lacks constitutional standing. For example, Defendants' opening brief in support of the motion to dismiss (Defs. Br., at 24-25 (D.E. 163)) alleged: "WAG lacks constitutional standing . . . . '[I]t has not suffered any cognizable injury and does not have Article III standing.'" (quoting *Enhanced*

*Sec. Research, LLC v. Juniper Networks, Inc.*, 2010 U.S. Dist. LEXIS 72745, at

*13-14 (July 20, 2010)). Yet in the Objections, no such argument can be found.

Defendants do not even cite *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

(1992), the controlling authority on constitutional standing. Defendants have

abandoned the ground of constitutional standing.

 Prudential standing - the sole basis of Defendants' Objections - has no merit.

The premise of a prudential standing argument is that even if there is a cognizable

case or controversy under Article III in a case otherwise properly before a federal

court, the court should nevertheless decline to exercise its jurisdiction for

"prudential" reasons, under suitable circumstances. The circumstances need to be

compelling, however, as otherwise the court would be improperly abdicating its

responsibility to adjudicate cases properly before it. The recognized grounds for

such abstentions are (i) a risk of multiple liability or inconsistent determinations,

and/or (ii) the existence of non-parties whose interests are not adequately

represented in the existing case as constituted. Not even a hint exists in the

Objections (or in the Defendants' submissions to Magistrate Hammer) that either

of these circumstances apply, nor does any suggestion of any other justification for

the Court to decline to act. As Magistrate Hammer found, no basis exists to invoke

the doctrine of prudential standing here. (R&R, at 26 ("Defendants' arguments

concerning prudential standing are unpersuasive.").)

As the R&R makes clear, Magistrate Hammer considered in detail the application of the facts asserted by both Defendants and WAG. The R&R that resulted therefrom - to the extent Defendants even question it as to prudential standing - is well-reasoned and should be adopted in its entirety, and the Objections should be overruled.

## LEGAL ARGUMENT

### 1. THE STANDARD OF REVIEW PERMITS THE DISTRICT COURT JUDGE TO CONSIDER THE R&R AND THE COURT SHOULD DO SO HERE

While the standard of review for the report and recommendations of a Magistrate Judge concerning a dispositive motion is *de novo* (28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2)), a District Court Judge should not ignore the Magistrate Judge's considered report and recommendation or the record developed below. In fact, Local Civil Rule 72.1(c)(2) explicitly permits a District Court Judge to rely upon both the record developed before the Magistrate Judge and the Magistrate Judge's proposed findings and recommendations.

Indeed, "the district court, consistent with congressional intent in [28 U.S.C. §] 636(b)(1) may place reliance upon a magistrate judge's proposed findings and recommendations consistent with 'the exercise of sound judicial discretion.'" *United States v. Lightman*, 988 F. Supp. 448, 457 (D.N.J. 1997) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). Similarly, the Court "need not

normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." L.R. 72.1(c)(2). WAG respectfully submits that Magistrate Hammer's thorough and well-reasoned R&R warrants such reliance here.

## 2. WAG HAS STANDING TO SUE

### A. Legal Standard

Defendants do not object to the legal standard that Magistrate Hammer relied upon in the R&R. Nor do they dispute that in patent infringement actions there are three categories of plaintiffs: "[1] those that can sue in their own name alone; [2] those that can sue as long as the patent owner is joined in the suit; and [3] those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

Defendants challenge Magistrate Hammer's conclusion that "[a]pplying *Morrow*, WAG is in the first category of plaintiffs that can sue in their own name, and need not add WLF[3] as a plaintiff." (R&R, at 23; *compare with* Objections, at 4.)[4]

---

[3] WLF refers to Woodsford Litigation Funding (US) Limited.

[4] Defendants do not refer to *Lujan* and certainly do not ever attempt to challenge the R&R's holding that WAG meets the second and third prongs of the *Lujan* inquiry for constitutional standing (that WAG's injury is causally related to the alleged infringing conduct and its injury is redressable if it is successful in the litigation). (R&R, at 26.)

## B. Magistrate Hammer Correctly Determined that WAG Has the Sole Right to Initiate Litigation

Defendants do not challenge Magistrate Hammer's conclusion that the right to sue is a "paramount consideration," in which a party retains the rights to bring litigation to enforce the patent-in-suit. (R&R, at 13 (*citing Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010)).) Nor do Defendants dispute Magistrate Hammer's conclusion that WAG "retains the exclusive right to sue and does not need WLF's consent to do so." (R&R, at 14.)

Instead, Defendants argue what they characterize as a "practical" consideration: that ██████████ Redacted ██████████ ██████ (Objections, at 5.) As the R&R noted, ██████ Redacted ██████ ██████████████, "WAG nonetheless may proceed with the suit." (R&R, at 14.) Defendants make the unsupported statement that WAG would be unable to obtain additional funding in the event WLF declined to fund a new litigation. Even if supported by any evidence (which it is not), standing cannot be based upon the financial wherewithal of the plaintiff. *Cf. Buckley v. Valeo*, 424 U.S. 1, 49 (1976) ("[t]he First Amendment's protection against governmental abridgment of free expression cannot properly be made to depend on a person's financial ability to engage in public discussion."). Defendants' allegation that ████████████ Redacted ████████████ ██████ (Objections, at 6), is thus a red herring divorced from the actual legal

requirements of standing, and Defendants cite to no authority in support of this proposition.

### C. WAG's Assertion of its Patent Rights Poses No Risk of Multiple Liability

As noted above, WAG has the sole right to institute litigation involving the patents-in-suit. Indeed, it is uncontested that ███████ Redacted ███████

███████████████████. As Magistrate Hammer noted, "[a] core consideration in assessing prudential standing is whether a division of rights between the parties poses a risk of multiple lawsuits for the same infringement, or inconsistent liability," citing *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1278 (Fed. Cir. 2007). (R&R, at 24.) As Magistrate Hammer further noted, "the relationship between WAG and WLF does not give rise to this risk." (*Id.*) The findings underlying this determination, which the Defendants do not challenge in the Objections, undercut any contention as to lack of prudential standing.

### D. Defendants Fail Even to Allege Any Unrepresented Interest that Should Deter the Court from Adjudicating this Case.

The Defendants have failed to bring to light any third-party interest that is not adequately protected by any of the parties in the existing litigation, further negating any conceivable "prudential standing" argument. Judge Hammer's conclusion on this point is correct and stands completely unimpeached by the Objections:

The second purpose of this consideration ["assessing prudential standing"] is whether the third party has interests that are unprotected in the litigation. The agreements between WAG and WLF point to no such interest. WLF's interest is purely financial—in short, if the infringement litigation yields an award to WAG, WLF is remunerated. In that regard, WAG's and WLF's interests are aligned. Accordingly, the Court concludes that Defendants' arguments concerning prudential standing are unpersuasive.

(R&R, at 26.)

The foregoing two points provide a completely sufficient basis in themselves for the Court to overrule the Objections and confirm the R&R. WAG, however, offers the following arguments for the purpose of responding fully to Defendants' other arguments.

### E. Magistrate Hammer Correctly Determined that ▮▮Redacted▮▮ ▮▮▮▮▮ Does Not Deprive WAG of Substantial Rights to Confer Standing

Magistrate Hammer correctly determined, after thorough consideration of Defendants' arguments, that ▮▮▮▮Redacted▮▮▮▮ does not deprive WAG of standing. (*See* R&R, at 18.)

▮▮▮▮Redacted▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

█████████████████████ Redacted █████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

██████████ Under Defendants' theory, if all members of a corporate entity who have input into that entity's evaluation of settlement proposals are not a party to the patent infringement lawsuit, then such an entity would lack standing. Such a result would fly in the face of corporate governance and structure. ██ Redacted ██

████████████████████████████████████████████████████

████████████████████████████████████████

In any case, the law is clear that the ability to exercise control over aspects of a company as a result of contractual or corporate arrangements simply does not translate into ownership of a substantial interest in the company's patents. *See In re Google Litig.*, No. CV-08-03172 RMW, 2010 WL 5211545, at *3 (N.D. Cal. Dec. 16, 2010) (that Software Rights Archive, LLC [plaintiff] is the subsidiary of companies that exercise some or even significant control over it as the result of the corporate structure does not mean that Software Rights Archive LLC has transferred substantial patent rights to its parent companies). ██ Redacted ██

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

9

██████████████████████ Redacted ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████. As Magistrate Hammer concluded, ████ [Redacted]

████████████████████████████████████████████

███████████ is not overly restrictive of the patentee's rights in and to its patent.

(R&R, at 18 (*citing Speedplay, Inc. v. Bishop*, 211 F.3d 1245, 1251-52 (Fed. Cir.

2000)).)

**F. Magistrate Hammer Correctly Determined that** ████████ Redacted ████████ **██████████████ Do Not Deprive WAG of the Substantial Rights that Confer Standing**

Defendants object to Magistrate Hammer's conclusion that ████████ Redacted ████████

███████████ do not limit WAG's ability to control the litigation to an extent

sufficient to deny WAG standing. ████████ Redacted ████████, as Magistrate

Hammer recognized, be contingent and not grant WLF any exclusionary rights.

(R&R, at 19.) ████████████ Redacted ████████████

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

10

Redacted

### G. Magistrate Hammer Correctly Determined that WLF's Security Interest in the Property Does Not Confer WLF Substantial Rights to the Patents

Defendants misleadingly state that Redacted

(Objections, at 10). Redacted

Ex. 11 to Defendants' original Memorandum of Law in Support of Motion to Dismiss, at 135:11-22.)

Magistrate Hammer concluded that Redacted

is consistent with WLF's protection of its investment in the litigation. (R&R, at 23.) "That is fundamentally different than an intention to confer on WLF substantial rights in the patents themselves. *See, e.g., Eidos Display, LLC v. AU Optronics Corp.*, Civ. No. 11-201, 2016 WL 6680578, at *5-6 (E.D. Tex. Nov. 14, 2016) ('a security interest in a patent without more does not generally pose a joinder issue because a security interest in and of itself does not ordinarily create ownership rights in the patent'); *City Bank & Trust Co. v. Otto Fabric, Inc.*, 83

B.R. 780, 782 (D. Kan. 1988) ('[G]rant of a security interest [in a patent] need not include the conveyance of title or ownership rights.')." (R&R, at 23.)

Defendants' continued reliance on *Propat* is misplaced. As Magistrate Hammer recognized, the patent holder, Authenix, as the patent *owner,* had not assigned all necessary rights to Propat, the would-be *plaintiff*, to grant Propat standing. (R&R, at 22.) Here, WAG is both the patent *owner* and the *plaintiff* in the litigation and "retains the most important rights in the patents." (*Id.*)

### H. Magistrate Hammer Correctly Concluded that ██████████ ███████████████████████ Not Confer Substantial Rights on WLF



(R&R, at 16.)

---

[5] The "ARIA" refers to the February 14, 2014 Amended and Restated Investment Agreement, which is attached as Exhibit 12 to Defendants' original Memorandum of Law in Support of Motion to Dismiss.

Magistrate Hammer properly relied on *Speedplay* to support the position that where, as here, ██████████████ Redacted ██████████████ ██████ such limitations are not significantly restrictive of WAG's rights in the patents. (R&R, at 17.) As noted above, *Propat* is distinguishable from the facts in this case.

Defendants make a new argument that ████████ Redacted ████████ █████████████████, is relevant to determining that WAG does not have substantial rights in the patents-in-suit.[6] In fact, the different rights under the *ARIA* are entirely consistent with the Magistrate's conclusion that WAG retained substantial rights in the *patents*. As Magistrate Hammer recognized, "WLF's interest is purely financial." (R&R, at 26.) It is for this reason that ████████ Redacted ████████ ██████████████. WAG's rights, on the other hand, are essential to the litigation. As the patent owner and ██████ Redacted ██████ ████████████████████

---

[6] As Defendants make a new argument that could have been raised below, the Court should not consider such objection. "A district court is not, however, required to consider objections that were not presented before the magistrate." *Anamdi v. Kean U.*, CIV.A. 15-2887 JLL, 2015 WL 5138648, at *3 (D.N.J. Aug. 31, 2015). The reason for this rule is that "the magistrate judge system was created to help alleviate the workload of the district judges, [and] 'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge.'" *Williams v. McNeil*, 557 F.3d 1287, 1291, 92 (11th Cir. 2009).

**Redacted**

## I. Magistrate Hammer Correctly Concluded that WLF Does Not Own the Patents

Magistrate Hammer correctly concluded that WLF's ability to convert the patents to its own name in the event that WAG defaults is merely a security interest that does not grant WLF any substantial rights.

First, as found by Magistrate Hammer, "[t]he Federal Circuit has instructed [] that such contingencies do not confer exclusionary rights on a licensee." (R&R, at 19 (*quoting Morrow*, 499 F.3d at 1343 ("whatever interests in the '647 patent may flow to [liquidating trust entity] in the future are insufficient to convert its equitable future interests in the patent into full legal exclusionary interests as of the time this suit was initiated")).)

Defendants recognize that **Redacted**

(as in *Propat*). (Objections, at 15.) WLF's rights are solely to allow WLF to protect its investment, which "is fundamentally different than an intention to confer on WLF substantial rights in the patents themselves. *See, e.g.*, *Eidos Display, LLC v. AU Optronics Corp.*, Civ. No. 11-201, 2016 WL 6680578, at *5-6 (E.D. Tex. Nov. 14, 2016) ('a security interest in a patent without more does not generally pose a joinder issue because a security interest in and of itself does not

ordinarily create ownership rights in the patent'); *City Bank & Trust Co. v. Otto Fabric, Inc.*, 83 B.R. 780, 782 (D. Kan. 1988) ('[G]rant of a security interest [in a patent] need not include the conveyance of title or ownership rights.')." (R&R, at 23.)

As Magistrate Hammer recognized, since WAG holds legal title and , there is no risk of multiple lawsuits from the same infringement. (R&R, at 24.) Defendants continue this flawed argument by raising the hypothetical of . Thus, there can be no risk of multiple lawsuits, alleviating any prudential concerns.

### J. WAG's Rights Are Substantial and Sufficient to Give It Standing

The chart that Defendants include at the end of their brief misstates the factors that *Alfred Mann* sets forth for considering the rights that might be transferred to the licensee to grant that licensee sufficient rights to give the licensee standing.[7] (Objections, at 17.) Significantly, the Defendants' chart did not include

---

[7]In any event, the situation in *Alfred Mann* is distinguishable from the situation here, where WAG, the plaintiff to the lawsuit, is also the patent owner and has not licensed any rights to WLF, much less any rights to practice the patents-in-suit.

the "most important consideration" - the right to bring litigation to enforce the patent. *Alfred Mann*, 604 F.3d at 1361. And, as discussed above, that right is exclusive to the patent owner, WAG.

As Magistrate Hammer found, WAG retains the right to make, use, and sell patented products. ███████████ Redacted ███████████

███████████████████████████████████████

WAG, the legal title owner of the patents, ██████ Redacted ██████

████████████████████████████████ As Magistrate Hammer concluded, WAG has retained the requisite legal interest in the patents. (R&R, at 23.)

16

## CONCLUSION

For the reasons set forth above, WAG respectfully requests that the Court

deny the Objections and adopt the R&R in its entirety.

Dated: November 28, 2018        Respectfully submitted,

RONALD ABRAMSON
DAVID G. LISTON
ARI J. JAFFESS
M. MICHAEL LEWIS
ALEX G. PATCHEN (*pro hac vice*)
**LEWIS BAACH KAUFMANN**
    **MIDDLEMISS pllc**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

By: s/ Ronald Abramson
Ronald Abramson
Tel: (212) 822-0163

*Attorneys for Plaintiff*

17